*244
 
 Gaston, J.
 

 At May Term, 1837, of the County Court Halifax, Ernnees Clark offered for probate, as the last will and testament of Nancy Pastear, an instrument in writing, purporting to be signed by her, but unattested by any witness, .in which, with .the exception of a small legacy to the defendant, Sally Bass, the testatrix declared that she constituted the said Frances Clark her- sole heiress. The probate was.eaveated by the defendant, and .thereupon an issue was .made up, whether-the said instrument be orbe not the last will and .testament of Nancy Pasteur. This issue, .at the succeeding August Term of the said court, was tried, and the jury found that the paper writing offered was the last will and testament of Nancy Pasteur, and thereupon a judgment was rendered that the caveator pay .the costs, apd Frances Clark was permitted by the court to qualify as-the executrix of the said will. At the August Term, 1841, of the said court, the plaintiff, Ann E. Morgan, who is stated upon the record to be the assignee of Frances Clark, applied to t?he court to be permitted to prove the said instrument as a will valid to pass real estate, “which,” the record states, “had been already proved as n will of personalty.” It appears that thereupon the defendant caveated the probate prayed for, and an -issue was made up, “ whether the paper writing was executed in form sufficient in law to pass real estate or not.” The cause was continued for the trial of this issue from term to term, until the February term, 1842, when, eti motion of the defendant, .the cause was dismissed. From this sentence the plaintiff appealed to the Superior Court, and, •the sentence being there confirmed, appealed thence to this Court.
 

 That the probate of this instrument in August, 1837, was a probate of it as a will, of personal property only, seems not to have been disputed between the parties, and we think that it was properly so regarded. Our statutes have indeed provided, that “all probates of wills in the County Court shall he sufficient testimony for the devise of real estate, and attested copies of such wills, or the records thereof by the proper officer, shall and may be giv.en in evidence in the same manner as the originals.” Rev. St. c. 122, s. 9. But it is
 
 *245
 
 well settled that this enactment applies only to the probate of wills valid to devise real estate. In England, the can take probate only of a will of personalty, ■ and until our act of 1784, in which was inserted for the first time the enactment before recited, our County Courts as courts of probate possessed no other jurisdiction. But after that act, as the probate was made evidence of the devises in the will, it became the duty of these courts to enquire whether the will offered for probate was valid so as to devise lands. They thus became courts of probate as to wills of every description, and a
 
 general
 
 probate of a will, containing dispositions of realty as well as personalty, was presumed, if on its face
 
 the
 
 will purported to have been executed with the ceremonies necessary to pass lands and unless something appeared to remove the presumption, to be a probate of it in both characters. Thus, in the case of
 
 The University
 
 v Blount, No. Ca. Term Rep. 13, where there was a probate of a will, purporting to be attested by two subscribing witness, made upon the oath of one, it was held that it was necessary to the efficacy of a probate of a will of realty, that it should appear therefrom to have been shewn to the court, that the will was executed under the circumstances required by law in devises of lands, and that, inasmuch as it appeared on the face of .the will that it was attested by two witnesses, and it was certified to have been
 
 proved
 
 before the court by the oath of one of them, it should be intended prima
 
 facie
 
 that it had been proved, as required in devises of land, that both himself and the other witness had Subscribed the will in the presence of the testator. But when enough appeared to rebut the presumption, then the probate was taken to be a probate of a will of personalty only. Thus, in
 
 Blount
 
 v
 
 Patton,
 
 2 Hawks, 237, where a will purported to be attested by two witnesses and was certified to have been proved by one, whose testimony was set forth in the certificate, and it did not appear therefrom that he had testified to the subscription by the other witness in the presence of the testator, the probate was held to be one confined to personalty. The will in this case had apparently the forms requisite to make it good as- a disposition of personalty, but it was
 
 prima facie
 
 insuf
 
 *246
 
 ficient todevise lands, because unattested by two subscribing' It is true, that there is a special case provided f0r by our statutes, in which devises may be valid without such attestation, “ if the will shall be found among the valuable papers or effects of any deceased person, or shall have been lodged in the hands of any person for safe keeping, and the same shall be in the hand-writing of such deceased person,'and his name subscribed thereto, or inserted in some part of such will, and if such hand-writing is generally known by the acquaintances of such deceased person, and it shall be proved by at least three credible witnesses that they verily believe such will and every part thereof is in the hand-writing of the person whose will it appears to be.”— ■And if the record had set out that this instrument was proved as a will both of real and personal estate, it must then have been intended that all the requirements to render an unattesled will effectual for -the devise of lands had been shewn to the satisfaction of the court. But from a general probate of an unattested instrument as a will, such a legal inference does not arise.
 

 It does not appear upon what grounds, after the will had been permitted to be re-prodounded and the issue made up between the parties, the cause was dismissed by order of the court. The counsel for the caveator insists that it was properly dismissed, because the court had no authority to act upon the matter alleged. We hold it to be perfectly settled that the county court has power to declare a will proved, both as a will pf realty and as a testament of chattels. This doctrine is recognized in the cases referred to, and in many others, which it is unnecessary to cite, and is clearly pre supposed in the act of 1835, c. 13, (Rev. St. c. 122, s. 7) by the Legislature, when it provides the mode of proving wills made out of the State, containing dispositions of realty or other property within
 
 the
 
 State. By that act the county court is authorised to issue commissions to take the examination of witnesses, touching the execution of the will, and “ upon return of such testimony the court may proceed to adjudge the said will to be or not to be duly proved, in the
 
 *247
 
 same manner as it now can on the oral examination of a witness or witnesses in open court.” The county court authority to declare the instrument in question well proved as a will of realty as well as of personalty. And if it has as yet exercised
 
 but a part
 
 of this power, we do not see why it may not rightfully be invoked to exercise the remaining part thereof. It must be borne in mind that there was no specific allegation, in what character the instrument was propounded and that the judgment was just as broad' as the allegation. Now
 
 that
 
 judgment being ascertained to be one establishing the instrument as a will of chattels only, we must understand that the instrument was offered as a will of chattels only, and has never before been propounded as a will of lands. It has been argued, however, that the person originally propounding it, who was the universal legatee and devisee, ought to have offered it in the first instance as a will both of lands and chattels, and neither she nor any claiming through her can now be permitted to claim for it a more extensive operation than was at first demanded. We are not aware of any rule of law, which sustains this proposition; and it is obvious, upon a little reflection, that such a rule would in many instances operate very inconveniently. Facts may be discovered after an instrument has been offered and proved as a testament, that were then unknown, but which, if permitted to be shewn, would clearly establish it as a will of lands. . Why should not the party have an opportunity to establish it as such? The former probate will not thereby be impeached, and the new matter alleged will be entirely consistent with the former allegation. The testimony, on which a general probate is stated to have been granted, as in the case of
 
 Blount
 
 v
 
 Patton,
 
 may, from inadvertence, be insufficiently set forth to authorise the reception of the probate as evidence of a devise of lands, and therefore the probate must be treated as the probate of a testament merely. Why should not the consequences of this inadvertence be corrected by an application to have the will proved as one valid to pass lands? It is beyond question that the devisee may set it up as such in an action of ejectment, and on the trial prove its due execution.
 
 Henry
 
 v
 
 Ballard,
 
 2
 
 *248
 
 Car. Law Rep. 595.
 
 Redmond
 
 v.
 
 Collins,
 
 4 Dev. 430. And there has been no previous adjudication of the court of probate against the will, is it not better for the interests of all, that its validity or invalidity should be directly and conclusively decided in the mode prsecribed by law, as most fit for trying such questions, by an issue between the parties interested, to be made up under the direction of the court, whose peculiar duty it is to take the probate of all wills?
 

 We are of opinion that there was error in the sentence dismissing the cause, that the same ought to be reversed, and a
 
 procedendo
 
 awarded to the Superior Court of Haifax to try the issue between the parties.
 

 Per Curiam-. Adjudged and ordered accordingly.