BROGAN *et al.* *v.* BARNARD *et al.*

(*Knoxville.* September Term, 1905.)

1. **HOLOGRAPHIC WILLS.** Statutory provisions relating to, must be complied with.

The several requirements of the statute relating to holographic wills are equally important and must be fully complied with in order to establish such a will.

Code cited and construed: 3896 (S.); 3004 (M. & V.); 2163 (1858).

2. **SAME.** Same. Meaning of the term "valuable papers" in statute relating to holographic wills. Case in judgment.

The words, "valuable papers," in the statute providing that a writing appearing to be the will of a decedent, written by him and found after his death "among his valuable papers," mean documentary papers deemed valuable and worthy of preservation by the owner; and a paper writing of a decedent found in a box where he kept stamps and stationery for sale and use as postmaster, was not found among such "valuable papers" as are essential to sustain such writing as a holographic will.

Code cited and construed: 3896 (S.); 3004 (M. & V.); 2163 (1858).

Case cited and approved: Marr v. Marr, 2 Head, 306.

FROM CLAIBORNE.

Appeal in error from the Circuit Court of Claiborne County.—A. J. TYLER, Judge.

---

Brogan v. Barnard.

---

HUGHES & HUGHES, for Brogan *et al.*

G. W. MONTGOMERY and JESSE L. RODGERS, for Barnard *et al.*

---

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is a contested will case. The paper writing propounded for probate is alleged to be the holographic will of James H. Fugate, deceased. The decedent was a small merchant and country postmaster, and kept his office in his store. The paper in question was found after his death in a box in which he kept postage stamps and stationery belonging to the post office, there being at the time therein $65 in stamps and a package of blanks for receipts for registered letters, which, while in his possession were the property of the federal government. There were no other papers in or near the box. He had valuable papers consisting of deeds and notes, but they were kept and found in a locked trunk in his residence, some fifty yards distant from the store. There was verdict and judgment in favor of the will, and the defendants prosecute an appeal in the nature of a writ of error to this court.

The sole question here presented is whether the postage stamps and blanks for receipts, with which the paper alleged to be the will of James Fugate was found, are valuable papers within the meaning of our statute

providing for the execution and probate of holographic wills.

The statute (Code 1858, section 2163; Shannon's Code, section 3896) is in these words:

"But a paper writing, appearing to be the will of a deceased person, written by him, having his name sub-scribed to it, or inserted in some part of it, and found, after his death, among his valuable papers, or lodged in the hands of another for safe-keeping, shall be good and sufficient to give and convey lands, if the handwriting is generally known by his acquaintances, and it is proved by at least three credible witnesses that they verily believe the writing, and every part of it, to be in his hand."

The requirements of this statute are all equally important and necessary to be proven to sustain a holographic will. It is conceded in this case that all of them are proven save the finding of the paper writing among the valuable papers of the decedent after his death. This is denied. It is necessary to determine in the first place what are valuable papers within the sense of this statute. The case of *Marr* v. *Marr*, 2 Head, 306, is perhaps the leading case upon this subject. It is there said:

"What is meant by valuable papers? No better definition, perhaps, can be given, than that they consist of such as are regarded by the testator as worthy of preservation, and, therefore, in his estimation, of some value. It is not confined to deeds for land or slaves, obligations for money, or certificates of stock. Any others which are kept and considered worthy of being taken care of by

the particular person, must be regarded as embraced in that description. This requirement is only intended as an indication on the part of the writer, that it is his intention to preserve and perpetuate the paper in question as a disposition of his property; that he regards it as valuable."

Mr. Pritchard, in his valuable work on Wills and Administration, says:

"Valuable papers, within the meaning of the statute, are such papers as are kept and considered worthy of being taken care of by the particular person having regard to his condition, business, and habits of preserving papers. They do not necessarily mean the most valuable papers of the decedent even, and are not confined to papers having a money value, or to deeds for lands, obligations for the payment of money, or certificates of stock. The requirement is only intended as an indication on the part of the writer that it is his intention to preserve and perpetuate the paper as a disposition of his property, and that he regards it as valuable; consequently the sufficiency of the place of deposit to meet the requirement of the statute will depend largely upon the condition and arrangement of the testator."

This is a clear and correct composite statement of all the decisions of this court construing and defining the provision of the statute under consideration, but it does not cover the exact question here presented. It has not heretofore been passed upon by this court. The contention of the plaintiffs in error is that the valuable papers

contemplated by the legislature are documentary papers, papers having contents on account of which they are deemed valuable and worthy of preservation by the owner, as records, belonging to the alleged testator; and that the stamps and blank receipts with which this will was found, while papers are mere articles of merchandise belonging to the United States, kept by the decedent for sale and use alone in the discharge of his duties as post-master.

We think this contention is sound. It is evident that the legislature, in providing that the will must be shown to have been found after the death of the decedent among his valuable papers, or lodged in the hands of another for safe-keeping, referred to papers which the decedent considered valuable and worthy of preservation as records of the facts purported to be stated and perpetuated in them, and in which he had an interest of some nature. A will is this character of a paper. It is only valuable and worthy of preservation on account of its contents. The postage stamps and blanks with which the paper in question was found, were in the possession of the decedent, but they were not his property nor valuable as records of their contents. They were the property of the United States, in his hands as agent, for sale and use when they were called for by the patrons of the office or required in the discharge of his duties.

It is not sufficient that a will be found deposited among the valuable effects of the decedent. In the original statute of North Carolina (Acts 1784, c. 10, section 5), from

Brogan v. Barnard.

which the section of the Code providing for holographic wills was taken, it was sufficient if the alleged will was. found amongst the valuable papers or "effects" of the deceased. But in codifying this statute the word, "effects," was omitted, and this requirement narrowed to "valuable papers." This modification of the original statute strongly supports the construction and interpretation we have here given of the phrase, "valuable papers."

It is also evident that the decedent did not consider the stamps and receipts his valuable papers or the box where he kept them a place for deposit of such papers, since he kept his deeds, notes, etc., in a locked trunk in his residence some distance from his store. This is a most pertinent fact tending to show the intention of the deceased in relation to the paper now offered as his will.

The assignments of error of the plaintiff in error are sustained, the judgment reversed, and the case remanded for a new trial.