In re NEIL.

(Surrogate's Court, New York County.   May 20, 1915.)

1. WILLS ⊕⟿47—TESTAMENTARY CAPACITY—AGE.
    Old age is not per se a disqualification to the making of a will.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 94; Dec. Dig. ⊕⟿47.]

2. WILLS ⊕⟿163—CONTEST—BURDEN OF PROOF.
    In contest of the probate of a will the burden of proof on an issue of undue influence is upon the contestant.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 388–402; Dec. Dig. ⊕⟿163.]

Proceedings to probate will of James Neil, deceased.   The widow and sole legatee propounded a testamentary paper as the last will and testament of the decedent, and the children of decedent filed objections. Decree for probate.

Blandy, Mooney & Shipman, of New York City, for proponent.
Frank H. Field, of New York City, for contestant Alfred Neil.
Charles D. Ridgway, of New York City, for contestant Mrs. Taylor.
Frank H. Richmond, of New York City, for contestant James Neil.
H. A. Callan, of New York City, for contestant Virginia Lockwood.
William Allen, of New York City, special guardian.

FOWLER, S.   This is a contested probate proceeding.   The earlier testamentary paper propounded as the last will and testament of James Neil was executed by the decedent on the 11th day of March, 1912, 2½ years prior to his death.   Objections to its probate have been filed on behalf of all the children of the decedent, who allege that the testator lacked testamentary capacity and was unduly influenced by the proponent, Mrs. Neil, the widow and sole legatee.   Probate of a later testamentary paper was refused, as it was not proved to the satisfaction of the surrogate.   This conclusion relieved the case of some very serious questions concerning its revocation, which might have proved awkward to the parties concerned in the alleged revocation.   The earlier instrument now offered for probate was executed with precise regard for the statutory requirements.   Of the four subscribing witnesses three were lawyers of experience, and one, at least, had known the decedent for upwards of 40 years.

[1] Upon the hearing evidence was offered on the part of the contestants in support of the allegation that the decedent was unduly influenced in the execution of his will.   This evidence was most liberally received.   The testator, at the time he executed the paper propounded, was about 84 years of age.   Old age is not per se a disqualification. Some time before 1912 testator had been obliged, by the advance of years, to intrust the active management of his business affairs to his wife, who was many years his junior.   It appears that Mrs. Neil, who was accustomed to accompany her husband when he went from home, did so on the day on which the decedent entered the law offices of the subscribing witnesses for the purpose of making his will.   But it

⊕⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

appears affirmatively that the proponent took no part in the preparation of the testamentary instrument now propounded, and was not present at its execution. The will offered for probate in this proceeding remained, after its execution, in the custody of the lawyer who drew it, and was not seen by the proponent until it was delivered to her after the decease of Dr. Neil.

[2] In testamentary causes, the burden of proof on an issue of undue influence is on the contestant. Matter of Kindberg, 207 N. Y. 221, 100 N. E. 789; Hermann's Will, 87 Misc. Rep. 486, 150 N. Y. Supp. 118; Will of Falabella, 139 N. Y. Supp. 1003. Without going at length into the unhappy and confused proofs bearing on the domestic life of the decedent and his family, I feel, after a careful consideration of the evidence given in this proceeding, that the contestants have not met this legal requirement.

A paralytic stroke sustained by the testator about six months before the execution of his will had doubtless impaired his usefulness, but the proofs adduced establish a decided improvement in the mental and physical condition of the testator at the time the instrument now offered for probate was executed. That his physical and mental equipment were not vigorous at his advanced age is apparent, but that these natural defects amount in this case to what is, in law, lack of testamentary capacity is not established. The evidence offered on both sides is voluminous, but a careful consideration of the whole case presented convinces me that the instrument offered for probate in this proceeding was the voluntary act of a free and capable testator. Owing to the great number of counsel engaged, the evidence is somewhat confused, and the rules of evidence were not strictly applied. But I have disregarded all testimony in conflict with section 829, C. C. P.

There is a point already adverted to in connection with this proceeding that calls for additional explanation. A later alleged will, dated May 21, 1914, was first brought on for probate, and after a hearing probate was refused. A motion to dismiss this present proceeding was made before me on the hearing, on the ground that, by the terms of the later alleged will, the paper offered herein for probate was revoked. Without detailing the circumstances surrounding the preparation and execution of that later paper, I want to make it plain that I never considered it well executed or valid as a revocation. There is therefore no weight to the contention that the instrument, which I find must be admitted to probate in this proceeding, had been revoked by the alleged subsequent will.

Submit decision and decree for probate.