legal principles involving domicile throw great light on issues of a de facto or a de jure residence. I have not hesitated to resort to the principle of domicile in various adjudications on residence made by me in this court. In Matter of Martin I pointed out at some length that the Transfer Tax Act employed the term "residence," and not the term "domicile." I refer to my adjudication in that matter only to that extent, as the judgment itself did not commend itself to my superiors.

In the matter now before me there is very little contention as to the fact that Mrs. Morgan at the time of her death was actually physically resident in the city of New York, and that her sojourns elsewhere were not in law tantamount to residence. Thus it happened that she received for the last years of her lifetime all the protection which the sovereignty of the state of New York affords to residents. In my judgment her estate is subject to tax, because she died a de facto resident of the state of New York. I am convinced that Mrs. Morgan's last legal residence was in the city, county, and state of New York, and I so hold.

Proceed accordingly.

(95 Misc. Rep. 463)

### In re NEIL'S WILL.

(Surrogate's Court, New York County. May 16, 1916.)

WILLS ☞217—PROBATE AS WILL OF PERSONALTY—BAR.

A proceeding for the probate of a will as a will of personal property, resulting in its probate as such, was no bar to a subsequent proceeding for its probate as a will of real property, where the petition therefor alleged that when it was originally offered for probate the proponent was ignorant of the existence of any real property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 504, 525; Dec. Dig. ☞217.]

Proceeding for the probate of the will of James Neil as a will of real property. Will admitted to probate as a will of real property.

Blandy, Mooney & Shipman, of New York City, for petitioner.
Frank H. Richmond, of New York City, for contestant Neil.
Harold A. Callan, of New York City, for contestant Lockwood.
Wilbur Larremore, of New York City, special guardian.

FOWLER, S. This is a probate proceeding for the probate of the will of testator as a will of real property and comes before me on objection to probate. This same will was admitted to probate by a decree of this court on July 3, 1915, as a will of personal property. 90 Misc. Rep. 537, 153 N. Y. Supp. 647.

The present proceeding is brought, so the petition alleges, for the reason that at the time the will was originally offered for probate the proponent was ignorant of the existence of any real property. The will in its terms bequeathes and devises personal and real property. Upon the hearing counsel for the contestant waived the proof of factum

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and agreed that the testimony be closed. The main objection urged by contestant is that the former probate proceeding is a bar to this proceeding. With this I do not agree.

The objections are dismissed. Present decree admitting the paper propounded as a will of real property.

(95 Misc. Rep. 461)

### In re GOODWIN'S ESTATE.

(Surrogate's Court, New York County. May 15, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟿495(2)—EXECUTORS AND TRUSTEES—COMMISSIONS.

Testator's will bequeathed personalty to his wife, and also ten one-hundredths of all the residuary estate, "provided she survive me for the period of one year," at the same time giving thirty-six one-hundredths of his estate to "those of the executors of this will who shall accept the office of trustee," in trust to pay the income thereof to his wife, quarterly, during her life, also giving such thirty-six one-hundredths upon her death to the executors, in trust to collect the income and pay it quarterly in equal portions to testator's three sons. *Held*, that the will contemplated separate duties for the executors and trustees, and that they were entitled to commissions as executors upon the entire estate, and to commissions as trustees upon the thirty-six one-hundredths constituting the trust fund held for the benefit of the widow, though the two trustees who should hold the trust fund during her life were not entitled to extra commissions for acting as trustees of the fund after her death and prior to the termination of the three trust funds into which it was then to be divided, but that the trustee designated to act as trustee of the fund after the death of the widow was entitled to full trustee's commissions upon the value of the trust fund received and paid out by him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2089; Dec. Dig. ⬤⟿495(2).]

2. WILLS ⬤⟿525—INTEREST GRANTED—SURVIVING LIFE ESTATES.

Where testator's will bequeathed to his widow ten one-hundredths of his residuary estate, if she survived him for one year, and thirty-six one-hundredths to his executors, in trust to pay the income to his widow quarterly during her life, and, upon her death, such thirty-six one-hundredths in trust to collect and pay the income quarterly to his three sons, the interest of each of the sons in the fund was a surviving life estate in one-third, and not a surviving life estate in twelve one-hundredths.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1129–1139; Dec. Dig. ⬤⟿525.]

In the matter of the estate of James J. Goodwin. From an order fixing the inheritance tax, the executors appeal. Order fixing tax reversed, and report of appraiser remitted for correction.

Zabriskie, Murray, Sage & Kerr, of New York City (George Zabriskie, of New York City, of counsel), for executors.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for State Comptroller.

FOWLER, S. [1] The executors of the decedent's estate have appealed from the order fixing tax, and contend that the appraiser erred

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes