FIDELITY PHENIX FIRE INS. CO., COMPLAINANT, APPELLEE, *v.* FORD & CANTRELL *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

A. H. ROBERTS and E. J. WALSH, for complainant, appellee.

TURNER & HASTON, for defendants, appellants.

MR. JUSTICE COOK delivered the opinion of the Court.

ON PETITION TO REHEAR.

The conclusion of the court at the hearing appears from the memorandum opinion.

OPINION.

Ford & Cantrell recovered upon a policy of insurance in the Chancery Court of Warren County. The bill was filed November 14, 1928, process was issued and served commanding the insurance company to appear and make defense at December rules. A notice was attached to the *subpoena* to answer, warning the defendant that upon failure to appear *pro confesso* would be entered

on the third Monday in December, a rule day. The *pro confesso* was not entered then, but on the fourth Monday in February, 1929, the first day of the court at McMinnville, *pro confesso* was entered, followed by a final decree.

On May 2, 1929, the insurance company filed a petition in the nature of a cross-bill in the causes of *Ragland, Potter & Company* v. *Ford & Cantrell* and *Fourth & First National Bank* v. *Ford & Cantrell* in the Chancery Court at Smithville, Tennessee, to set aside the decree of the Chancery Court at McMinnville upon charges of fraud and want of jurisdiction.

The specific charge of fraud was that Turner and Haston, solicitors for Ford & Cantrell, agreed with R. L. Turner, solicitor for the insurance company, after the bill was filed that no action would be taken without notice to him and that he should have sufficient time to prepare and file the insurance company's defenses. This was made an issue of fact. The alleged jurisdictional defect rested upon the charge and insistence that the Chancery Court at Smithville had impounded the *res* in the cause of *Ragland, Potter & Company* v. *Ford & Cantrell,* and that action on the policy could only be prosecuted in that court.

The chancellor found that the decree was not procured through fraud, nor in violation of any promise by Turner and Haston to R. L. Turner, and that the court at McMinnville had jurisdiction of the parties and subject-matter, and nevertheless the insurance company could have interposed a meritorious defense, it neglected to do so and permitted a valid final decree to be entered, which could not now be reopened or set aside.

The Court of Appeals concurred in the finding of facts by the chancellor that the decree in the Chancery Court

at McMinnville was not procured through fraud. The evidence supports the concurrent finding. The Court of Appeals, however, held that the decree was void for the alleged jurisdictional defect, saying, ''We must view the case as if the Warren Chancery Court was without jurisdiction, otherwise we would be powerless to afford any relief on the ground of surprise or accident.''

Following that declaration, the court further said: ''We are aware that it is well settled that a Chancery Court will not enjoin the enforcement of a decree of the Chancery Court of another district where that court had jurisdiction of the parties and the subject-matter. *Deaderick* v. *Smith*, 6 Humph., 138; *Whiteside* v. *Wyatt*, 2 Cold., 91; *Anderson* v. *Bank*, 5 Sneed, 664.''

A decree was accordingly entered reversing the chancellor and enjoining a recovery upon the policy.

The concurrent finding of the chancellor and the Court of Appeals that fraud alleged in the petition was not practiced is sustained by the evidence and not open to review in this court. Fraud lacking, the remaining question is whether or not the Chancery Court at McMinnville had jurisdiction of the parties and subject-matter. That depends upon whether the Chancery Court at Smithville had custody of the *res*, so as to exclude jurisdiction in any other court. Or, in other words, whether the modification of the injunction in the cases at Smithville authorized Ford & Cantrell to sue on the policy in another court.

The object of the two actions in DeKalb County was to collect debts from Ford & Cantrell. The insurance company was joined as a defendant. Ford & Cantrell were enjoined from collecting the proceeds of the insurance and the company was enjoined from paying the money to them.

The .prayer of the bill in the case of Ragland, Potter & Company concluded: "Let the defendant insurance company be required to pay a sufficient amount of the same into the hands of the Clerk & Master to satisfy the judgment."

The prayer of the bill in the case of Fourth & First National Bank was for an injunction to restrain the insurance company from paying the insurance to Ford & Cantrell and for an attachment.

The proceeds of insurance were not, however, impounded by any process of the court. The attachment was issued and directed against lands of Ford & Cantrell described in the bill.

Ford & Cantrell admitted their obligation to complainant in both cases. In one case by *pro confesso* and the other by the answer. On May 15, 1928, decrees were entered as follows:

(In the case of *Fourth & First National Bank* v. *Ford & Cantrell*.)

"On motion of counsel in open court on this the 15th day of May, 1928, the injunctions in this case are modified by the court that the insurance company may pay the insurance into court to be held subject to the further orders of the court, and the defendants Ford and Cantrell or the complainants may institute suit if necessary to recover the insurance mentioned in the original bill, and in the event of a recovery the same is to be paid into court in this cause to be held subject to the further orders in this case."

In the case of *Ragland, Potter & Company* v. *Ford & Cantrell*, the decree concluded as follows:

"The cause was then further heard on motion to modify the injunction so as to permit the defendant in-

surance company to pay into court any sum due the defendants by said insurance company, said fund to be held subject to the orders of the court in this cause, and that said injunction be further modified so as to permit said Ford and Cantrell to institute suit to recover on said insurance policy. Which motions were allowed and the injunctions so modified."

The insurance company relies upon the rule that the court that first seizes property acquires jurisdiction of the subject-matter. There was no seizure. The injunction served no other purpose than to maintain the status and in the event of payment that the insurance money be paid into court. There was no action on the policy in either case. The modifying orders above quoted indicate clearly that the court at Smithville was only concerned with the proceeds of the insurance, with no purpose to direct the course of litigation between the insurer and the insured. The court could have impounded the *res* and exercised jurisdiction over it, confining the litigation to that forum. 14 R. C. L., 410. But it did not. It merely authorized suit on the policy without directing where the action should be brought or without otherwise suggesting any intent to direct the course of litigation. This being so, the suit could be brought in any court having jurisdiction of the parties and of the subject-matter.

The injunction remained in force only to the extent of requiring Ford & Cantrell to pay the money into the Chancery Court of DeKalb County, if recovered. The Chancery Court of Warren County, where the judgment was rendered on the policy, had jurisdiction of the parties and subject-matter and, under the authorities referred to by the Court of Appeals, the judgment there rendered is final and not open to review. The facts pre-

sent a hard case but one that cannot be remedied by judicial interference. The judgment of the Court of Appeals will therefore be reversed and that of the chancellor affirmed.

### Response to Petition for Rehearing.

As indicated by the opinion, the result was dependent upon two questions: (1) whether the final decree in the case of Ford & Cantrell against the insurance company in the Chancery Court at McMinnville was procured by the deceptive or fraudulent practices of Turner and Haston, solicitors for Ford & Cantrell; (2) whether the *res* was so impounded by the Chancery Court at Smithville as to exclude jurisdiction elsewhere.

Inquiry, here, upon the question of fraud, an issue of fact, is foreclosed by the concurrent finding of the chancellor and the Court of Appeals wherein it was held that a final decree in the Chancery Court at McMinnville was not procured by fraud. This, of course, did not extend to the legal question presented and that is open to consideration.

It is urged that in determining the legal proposition the court overlooked the fact that the insurance funds were attached and in custody of the Chancery Court at Smithville at the time a recovery on the policy was decreed by the Chancery Court at McMinnville, and as a corollary that court could not legally exercise jurisdiction.

This insistence made by the petitioner alludes to a statement in the opinion that "the proceeds of insurance were not impounded by any process of the court. The attachment was issued and directed against lands of Ford & Cantrell." The last sentence should have been omitted and the first should have been elaborated by the controlling propositions now presented.

First. In the garnishment proceedings to subrogate Ragland, Potter & Company and the bank to the rights of Ford & Cantrell, the insured, against Fidelity Phenix Fire Insurance Company, the insurer, there was no manucaption of the policy or the proceeds of the policy, hence neither passed from the principal defendant and the garnishee to the custody of the court. Notice of garnishment was not served upon the insurance company, as required by section 5239, Shannon's Code. *Railway* v. *Brooks,* 90 Tenn., 161. The acceptance of service by the Commissioner of Insurance was not effective to impound the intangible right alleged to exist in favor of Ford & Cantrell against the insurance company. 28 C. J., p. 225, section 304, p. 230, section 316; *McCrea* v. *Bank,* 6 Cold., 477.

Second. The voluntary appearance of the insurance company by answer could not operate to transfer the intangible right, alleged to exist in favor of Ford & Cantrell against the insurance company, to the custody of the Chancery Court at Smithville. 2 Shinn on Attachments, section 610; Rood on Garnishments, section 271. And so in this State, because the insurance company did not in its answer admit liability. *Moody* v. *Alter,* 12 Heisk., 146; *Hearn* v. *Crutcher,* 4 Yerg., 474-5; *Railroad* v. *Todd,* 11 Heisk., 556.

Third. By its answer in the Chancery Court at Smithville the insurance company merely admitted the existence of a policy. It denied liability, accompanied by the statement that it had no knowledge of the validity or amount of Ford & Cantrell's claim under the policy and stated that because of their noncompliance with its terms the company believed there was no money owing to Ford & Cantrell. Under the answer no judgment could have been rendered against the insurance company as

a garnishee. *Finch* v. *Great American Ins. Co.*, 38 A. L. R., 1068; *Vertrees* v. *Hicks*, 4 Baxt., 380; *Groveland Banking Co.* v. *Bank*, 144 Tenn., 542; *Mayor, etc.*, v. *Potomac Ins. Co.*, 2 Baxt. 303.

Fourth. The fact that garnishment proceedings were pending did not preclude the right of action by Ford & Cantrell. 28 C. J., 267, section 374; 12 R. C. L., 854. It was the injunction that restrained them from suing the insurance company. Its modification left Ford & Cantrell free to sue in any court of competent jurisdiction.

These propositions indicate the status when the injunction was modified to permit the insurance company to pay the money into court or to permit Ford & Cantrell to sue on the policy for a recovery of the insurance. Annexed to the right given to Ford & Cantrell to sue was the condition that the amount recovered on the policy should be paid into court in the cause of *Ragland, Potter & Company et al.* v. *Ford & Cantrell,* to be held subject to the order of the court in that case.

The company apparently adhered to the position assumed in its answer. Lapse of time without compliance on the part of the insured with provisions of the policy might ultimately enable the company to avoid liability. Then the inchoate lien acquired by the action of Ragland, Potter & Company and others would have become worthless. It is to be assumed that complainants in the two causes at Smithville knew that. Instead of pursuing the course of procedure open to them to collect the insurance through or in the name of Ford & Cantrell, complainants abandoned it and agreed that Ford & Cantrell might sue upon the policy and the court approved that agreement and decreed a modification of the injunction that had

hitherto restrained Ford & Cantrell. The modifying decree expressly authorized Ford & Cantrell to recover on the policy. They sued and recovered in the Chancery Court at McMinnville. That court had jurisdiction of the parties and the subject-matter. The litigation cannot be reopened for petitioners without doing violence to well known and well established rules of law and procedure, and without creating a precedent that would make all final decrees dependent upon subsequent litigation.

For the reasons stated, the final decree of the Chancery Court at McMinnville cannot be set aside.

Rehearing denied.

### On Second Petition to Rehear.

The question of whether or not the final decree of the Chancery Court at McMinnville could be, upon this record, declared void by the Chancery Court at Smithville, has been given consideration by the court upon three distinct hearings. First, upon the petition for *certiorari*, assignments of error and briefs; second, upon oral argument and additional briefs at a hearing in open court, and third, upon a comprehensive petition for rehearing. We are presented with a second petition for rehearing.

For the reasons stated in the opinion of this court, filed for publication, and because the Chancery Court at Smithville, by an order entered upon the minutes before the action was commenced in the Chancery Court at McMinnville, expressly authorized Ford & Cantrell to sue on the policy, and expressly denuded itself of jurisdiction of the subject-matter, the court held that the final decree of the Chancery Court at McMinnville could not

be annulled by a subsequent decree of the Chancery Court at Smithville.

As set forth in the former opinions, there was a concurrent finding of the chancellor and the Court of Appeals that the decree of the Chancery Court at McMinnville was not obtained by acts of extrinsic fraud.

In the second petition for rehearing, counsel earnestly present, not only the propositions offered through their previous briefs but combat the propositions upon which the opinion of the court rests.

We have carefully considered the second petition for rehearing. It presents no new determinative matter, either of law or fact; and upon reconsideration we find no reason that would authorize the court to ignore the rule that final decrees and judgments are not open to collateral attack. The rehearing must therefore be denied.