SENTINEL FIRE INS. CO. *v.* NALL *et al.*

(*Knoxville,* September Term, 1933.)

Opinion filed Nov. 18, 1933.

CALDWELL, BROWN & O'DELL and D. T. STANT, for Sentinel Fire Ins. Co.

MILLER, MILLER & MARTIN, and T. A. DODSON, for John B. Nall *et al.*

MR. JUSTICE SWIGGART delivered the opinion of the Court.

On February 9, 1932, the Sentinel Fire Insurance Company, at its home office in Springfield,. Massachusetts, recognizing its liability for a loss insured against, issued its negotiable draft for $425, payable to W. H. Hill and Gump Investment Company, and forwarded the draft to its local agents at Kingsport, Tennessee, for delivery to the payees.

On February 11, 1932, John B. Nall, a judgment creditor of W. H. Hill, caused garnishment proceedings to be served on the insurance commissioner of Tennessee, by

which he sought to impound or garnishee the debt of the Sentinel Fire Insurance Company to Hill. The notice of garnishment was forwarded by the Insurance commissioner to the home office of the insurance company, and was there received on Monday, February 15th. An answer was subsequently filed to the garnishment, reciting the facts herein stated.

On February 15th, the draft was delivered by the local agents to Gump Investment Company. The stipulation of facts on which this case was submitted does not recite or intimate that the local agents had actual notice of the garnishment when the delivery was made; nor does it appear that the draft was delivered after the notice was received on the same day at the home office.

On February 16th, the Gump Investment Company became the owner of the entire draft by Hill's indorsement, and by paying the amount of Hill's interest, $190, to persons designated by Hill.

On these facts, the Sentinel Fire Insurance Company filed its bill, in the nature of an interpleader, to determine whether it must pay the $190 to Gump Investment Company or to Nall, the garnishing creditor. The chancellor ruled that Gump Investment Company is entitled to collect the entire amount of the draft, and that Nall is also entitled to collect the $190 from the insurance company.

■ ■ We held in *Fidelity Phenix Fire Ins. Co.* v. *Ford & Cantrell,* 164 Tenn., 107, 115, 46 S. W. (2d), 64, 66, 47 S. W. (2d), 558, that the acceptance of service of a garnishment notice by the commissioner of insurance is not effective to impound the debt sought to be reached. This conclusion necessarily follows the nature of a garnishment notice, which contemplates actual and not mere-

ly constructive notice, and which is designed to fix the status of the parties from the time it is given and received. And, ordinarily, as in the case before us, such a notice is not a process issued by a court but by an officer, in aid of an execution in his hands. Code 1932, sec. 9430. If the person upon whom such a notice is served does not answer the notice, *scire facias* is necessary to bring him before the court, and after the service of that process, he may defend the garnishment. Code 1932, sec. 9438. On the other hand, the statute authorizing service of process on the insurance commissioner, as the agent of an insurance company, directs that ''any process issued by any court of record in this state,'' so served, ''shall be deemed a sufficient process on said company.'' Code 1932, sec. 6108. A garnishment notice given by an officer is not a ''process issued by any court of record.'' *Id.*

 If, in the case before us, it can be said that the answer of the insurance company to the garnishment entered its appearance, so as to waive the failure to serve notice on an agent of the company, we think the effect would be only to charge the company with notice of the garnishment from and after the time it had actual notice by the reception of the communication of the insurance commissioner at its home office, on February 1st. On that day the negotiable draft, issued to satisfy the debt, was delivered by the local agents in Kingsport to the payees. At the time the notice was received, the debt was, therefore, one due by negotiable paper, and the garnishment was ineffective because the paper was not delivered nor the garnishee indemnified. Code 1932, sec. 9446; *Matheny* v. *Hughes,* 57 Tenn. (10 Heisk.), 401; *Kimbrough* v. *Hornsby,* 113 Tenn., 605, 84 S. W., 613.

We therefore affirm the ruling of the chancellor that the Gump Investment Company is entitled to the proceeds of the negotiable draft held by it, as a holder in due course, but reverse the decree in so far as it holds the insurance company liable as garnishee to John B. Nall. The costs of this case will be adjudged, one-half against the Sentinel Fire Insurance Company and one-half against John B. Nall.