FRANSIOLI *et al. v.* PODESTA.

(*Nashville*, December Term, 1939.)

Opinion filed December 16, 1939.

BURCH, MINOR & McKAY and C. O. FRANKLIN, all of Memphis, for contestants.

JOHN D. MARTIN, JR., of Memphis, for proponent.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Charles Podesta died May 14, 1933. On September 19, 1933, his widow, Elizabeth Stagner Podesta, presented for probate in common form a paper writing dated July 21, 1915, duly attested, purporting to be the last will and testament of the deceased. The will was admitted to probate. The testator, by the will, left his entire estate to his widow, but directed that she pay a legacy of $6,000 to his sister, Elizabeth Podesta, and a like legacy to another sister, Mrs. Emma Fransioli. Thereafter, on January 6, 1936, the widow, while acting as executrix under the will of July 21, 1915, presented for probate in solemn form a paper writing entirely in the hand writing of deceased and signed by him, of the following tenor:
"March 26, 1933.
I will all to my wife.
Chas. Podesta."
The widow asked that the instrument be declared to be the holographic last will and testament of her husband, Charles Podesta, and that it be duly admitted to probate as such. The sisters, Elizabeth Podesta and Mrs. Emma Fransioli, as beneficiaries under the attested will, appeared and contested the attempt to pro-

bate the alleged holographic will and requested that a complete transcript of the record including the original of the will of July 15, 1915, theretofore probated, and the original paper writing of March 26, 1933, be certified to the circuit court for the trial of the issue *devisavit vel non*. On the trial of this issue, the jury found that the holograph "is the last will· and testament of Charles Podesta, deceased," and judgment was entered declaring the same to be "the true, whole and last will" of the deceased.

On contestants' appeal, the Court of Appeals reversed the judgment of the trial court upon the ground that contestants' motion for a directed verdict in their favor should have been sustained. The Court of Appeals said, "The whole controversy here is in relation to that requirement of the statute that the alleged holograph shall have been found after his death among his valuable papers." And, "The proponent here has failed to show that the writing offered for probate was found among the valuable papers of the deceased, and the trial judge should have sustained the contestants' motion for a directed verdict upon this ground. . . . Let a judgment be entered here reversing the judgment of the circuit court and setting aside the probate of said writing as the holographic will of the deceased." The decision is reported in 21 Tenn. App., 577, 113 S. W. (2d), 769, 771, 778. Both proponent and contestants applied to this court for writs of *certiorari*, but both applications were denied.

Thereafter, on August 11, 1938, the widow of Charles Podesta filed her petition in the probate court to have the paper writing of 1933 probated as a written will of personalty as a codicil to and a part of the will of 1915. The sisters forthwith filed a contest upon the grounds that the said paper writing was not a valid will of per-

sonalty, that proponent was judicially estopped from proceeding with said petition to have the paper writing admitted to probate as a written will of personalty because by the former proceedings in this cause she attempted to have the paper writing in question established as the last will of Charles Podesta, deceased. And the further objection that the issues raised in the petition were decided or could have been decided by the court on the former hearing and are, therefore, *res adjudicata*. Contestants moved the court to certify the contest with a complete transcript of the record, including the attested will, to the circuit court for trial of the issue *devisavit vel non*. The original will had remained in in the former cause in the circuit court and the new cause was consolidated with the former cause. The case was then submitted to the trial judge, sitting without a jury, on an agreed statement of facts embodying the entire record on the former contest. The trial court, after overruling contestants' pleas as "not sustained by law or fact," found and adjudged:

"It is therefore by the court ordered, adjudged and decreed that the paper writing dated March 26, 1933, reciting 'I will all to my wife, Chas. Podesta' entirely in the handwriting of Charles Podesta and signed by him, is his last will and testament as to personal property; that the paper writing dated July 21, 1915, signed by Charles Podesta and attested by R. R. Carrington and B. W. Barfield, is his last will and testament as to real estate; and that the two instruments together, as aforesaid constitute the whole and true last will and testament of Charles Podesta."

Contestants have appealed to this court from the judgment of the trial court. The assignments of error involve two ultimate questions: (1) That the first judg-

ment in the former contest bars the admission to probate of the paper writing of date March 26, 1933, as a will of personalty, and (2) That the facts in evidence negative testamentary intent and render the said paper writing invalid as a will of personalty.

(1) It is insisted by contestants that the decree of the Court of Appeals in the former contest is *res adjudicata* of the question of proponent's right to probate the paper writing of March 26, 1933, as a will of personalty. The decree of the Court of Appeals denied to proponent the right to probate the paper writing in question as a holographic will because it was not found among the valuable papers of the deceased. The "whole controversy," according to the opinion of the Court of Appeals, was in relation to this requirement of the statute. The court did not adjudge the question of whether the paper writing was valid as a will of personalty. But, it is insisted by contestants that this question might have been made by proponent in the former contest and, hence, the rule of *res adjudicata* applies.

It was the legal duty of the widow when she discovered the paper writing of 1933 to present it for probate. *Durell et al.* v. *Martin et al.*, 172 Tenn., 97, 103, 110 S. W. (2d), 316. The destruction or concealment of a will with intent to provent the probate thereof is made a felony by section 10942 of the Code. The widow offered the writing for probate as the holographic will of the deceased. Under section 8090 of the Code a holographic will is sufficient to pass the title to land. All requisites set forth in section 8090 must, however, be complied with in order to establish such a will. *Brogan* v. *Barnard*, 115 Tenn., 260, 90 S. W., 858, 112 Am. St. Rep., 822, 5 Ann. Cas., 634. Among other requisites it is provided that the writing must have been found after the death of

the deceased "among his valuable papers, or lodged in the hands of another for safe-keeping." It was not contended that the writing had been lodged in the hands of another for safe keeping. Having failed to prove to the satisfaction of the Court of Appeals that the writing was found among the valuable papers of the deceased, the court rejected the writing as a holographic will. However, though not good as a holographic will because of the above reason, it is sufficient to pass personalty. *State* v. *Goodman*, 133 Tenn., 375, 181 S. W., 312; *Reagan* v. *Stanley*, 79 Tenn. (11 Lea), 316. The Act of 1784 (Code, section 8089 et seq.) prescribes no form of solemnity for the execution of a will of personalty different from the requirements of the common law, except as to nuncupative wills. *Allen* v. *Huff*, 9 Tenn. (1 Yerg.), 404, 407; *Franklin* v. *Franklin*, 90 Tenn., 44, 16 S. W., 557; *Orgain* v. *Irvine*, 100 Tenn., 193, 43 S. W., 768. According to the ecclesiastical laws there is nothing that requires so little form and solemnity as the making of a will of personalty. *Crutcher* v. *Crutcher*, 30 Tenn. (11 Humph.), 377; *McCutchen* v. *Ochmig*, 60 Tenn. (1 Baxt.), 390, 394.

The trial judge, without the intervention of a jury, in the present contest, held the paper writing to be the last will and testament of the deceased as to personalty. This holding is supported by material evidence and, hence, is binding on this court.

The court might have in the former contest determined the question of whether the writing tendered as a holographic will, and found not to be such, was good as a will of personalty. *Davis* v. *Davis*, 74 Tenn. (6 Lea), 543, 548; *Guthrie* v. *Owen*, 21 Tenn. (2 Humph.), 202, 36 Am. Dec., 311; *Greer* v. *McCrackin*, 7 Tenn. (Peck), 301, 14 Am. Dec., 755; *McLean* v. *McLean*, 25 Tenn. (6 Humph.), 452.

The contention made for contestants is that because the proponent might have had the question of the right to probate the paper writing as a will of personalty determined in the former contest that the rule or *res adjudicata* applies and the writing could not thereafter be presented as a will of personalty.

It is plain that a judgment of a court of competent jurisdiction is binding and conclusive on the parties and their privies until vacated or reversed on a direct proceeding for review, and is not subject to collateral attack. *Fidelity Phenix Fire Ins. Co.* v. *Ford & Cantrell*, 164 Tenn., 107, 46 S. W. (2d), 64, 47 S. W. (2d), 558. It is also the rule that where the subject and the parties are identical, a former judgment concludes matters which were or might have been determined. *Pile* v. *Pile*, 134 Tenn., 370, 183 S. W., 1004; *Jordan* v. *Johns*, 168 Tenn., 525, 79 S. W. (2d), 798; *Boyd* v. *Robinson*, 93 Tenn., 1, 23 S. W., 72. The bar of the rule operates upon the parties. But, a proceeding for probate in the circuit court is not an action between the parties, but is an action *in rem*, involving the distribution of the *res*, the estate. *Winters* v. *American Trust Co.*, 158 Tenn., 479, 14 S. W. (2d), 740; *Durell et al.* v. *Martin et al.*, *supra*. Under the first contest no adjudication was rendered as to the testator's disposition of his personalty under the writing of 1933. When the Court of Appeals rejected the writing as a holographic will, the question of the disposition of the personal estate under the writing was left undetermined. To continue to give effect to the attested will of 1915, as to both realty and personalty, because the proponent of the paper writing had been cast in her effort to probate the same as a holographic will, would, in effect, deny to the testator the right to dispose of his personal property. The second will, valid

348

as to personalty, cannot be suppressed, destroyed or annihilated by applying to the proponent the rule of *res adjudicata* upon the theory that the validity of the paper writing as a will of personalty might have been determined on the first contest.

In *Morgan* v. *Bass*, 25 N. C., 243, a will was offered as a will of personalty, a contest was filed, and the issue of *devisavit vel non* was tried in the circuit court and the jury found that the paper writing offered was the last will of the deceased. Thereafter the assignee of the first proponent applied to be permitted to prove the writing as a valid will to pass real estate. The trial court dismissed the cause. On appeal to the Supreme Court, the judgment was reversed. As appears from the opinion it was argued that the person originally propounding the instrument, who was the universal legatee and devisee, "ought to have offered it in the first instance as a will both of lands and chattels, and neither she nor any claiming through her can now be permitted to claim for it a more extensive operation than was at first demanded." The court rejected this argument and said, "The county court had authority to declare the instrument in question well proved as a will of realty as well as of personalty. And if it has as yet exercised but a part of this power, we do not see why it may not rightfully be invoked to exercise the remaining part thereof." So, we think, in the instant case the rejection of the paper writing as a holographic will did not exhaust the power of the court to admit the writing as a will of personalty. The court had both the power to reject the instrument as a holograph and to declare the instrument good as a will of personalty. It exercised only a part of its power. There is no reason why the court may not be requested

to exercise the remaining part of its power and admit the writing as a will of personalty.

In *Re Neil's Estate,* 95 Misc., 463, 159 N. Y. S., 110, 111, a will was offered and adjudged as a will of personalty. Later, it was offered as a will of realty. The court said, "The main objection urged by contestant is that the former probate proceeding is a bar to this proceeding. With this I do not agree."

In *Hudson* v. *Hudson,* 2 Tenn. App., 535 (*certiorari* denied) it was held in an action to have a certain letter probated as a part of deceased's will where defendant pleaded an estoppel because of the executor's knowledge of the paper at the time of the probate of the will, and did not offer it for probate, that the executor could not be estopped by such acts to perform his legal duty.

Our conclusion is that the judgment of the trial judge admitting to probate the paper writing of 1933 as a will of personalty is without error.

The second contention made is that the will of 1933 cannot be admitted to probate because, as is alleged, the undisputed evidence negatives the idea of testamentary intent. The trial judge found against this contention. We have reviewed the evidence and find that the judgment of the trial judge is sustained by material evidence.

We find that all of the assignments of error are without merit. The judgment of the trial court is affirmed. Contestants will pay the costs of the appeal.