**In re HODEVCO, INC., f/k/a Hospital Affiliates Development Corp., Debtor.**

**PEPPER/HOLT JOINT VENTURE**

v.

**RODERICK GROUP, INC., f/k/a Affiliates Group, Inc., and Hodevco, Inc., f/k/a Hospital Affiliates Development Corp., Defendants.**

Bankruptcy No. 92–09151.
Adv. No. 392–0626A.

United States Bankruptcy Court, M.D. Tennessee.

Jan. 5, 1994.

---

1. TE–Two is in support of the Trustee's position regarding this matter.

Craig V. Gabbert, Harwell, Howard, Hyne, Gabbert & Manner, P.C., Nashville, TN, for Roderick Group, Inc.

Steven C. Douse, Nashville, TN, for Pepper/Holt Joint Venture.

David Rogers, Brentwood, TN, for Hodevco, Inc.

### MEMORANDUM DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

GEORGE C. PAINE, II, Chief Judge.

## I.  INTRODUCTION

Pepper/Holt Joint Venture, the plaintiff, has initiated this adversary proceeding against Roderick Group, Inc. and its wholly owned subsidiary, Hodevco, Inc., the debtor, to resolve a dispute regarding each party's interest in a certain promissory note that is the debtor's sole asset. Before the court is the plaintiff's motion for summary judgement. For the reasons stated in this memorandum, the court finds that the motion should be denied.

The following constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## II.  FINDINGS OF FACT

The following relevant facts are not in dispute. On March 1, 1987, Pepper/Holt Joint Venture entered into a contract with Hospital Affiliates Development Corporation ("HADC") for the construction of the Edward Medical Mall in Naperville, Illinois. Pepper/Holt was the general contractor, and HADC was the developer of the construction project.

Following completion of the project, HADC failed to pay Pepper/Holt a total of $133,919.59 that HADC received from the owner of the property for construction services performed by Pepper/Holt. This violated the construction contract between Pepper/Holt and HADC, and on February 13,

1990, Pepper/Holt filed a demand for arbitration against HADC.

Beginning in December, 1989, HADC entered into a series of transactions in which it sold all of its assets, including its name, to HADC of Indiana. Following the sale, HADC changed its name to Hodevco, Inc., the debtor. In return for the sale of all of its assets to HADC of Indiana, the debtor received a promissory note in the amount of $150,000 from HADC of Indiana. Under the note, the debtor was to receive twelve quarterly payments of $12,500 principal plus accrued interest beginning on March 31, 1992 and ending on December 31, 1995.

On January 1, 1990, in connection with its sale of assets, the debtor pledged the $150,000 promissory note from HADC of Indiana to its parent, Affiliates Group, Inc. ("AGI"), in exchange for an $872,503 loan from AGI. The debtor executed both a Demand Note evidencing the $872,503 loan from AGI and a Security Agreement assigning AGI a security interest in the promissory note as collateral on the loan. AGI later changed its name to Roderick Group, Inc. ("RGI"), one of the defendants.

Following arbitration, Pepper/Holt sued the debtor in Illinois state court. On July 9, 1991, the Illinois court entered a judgement against the debtor for $133,919.59 plus costs. On September 26, 1991, the First Circuit Court of Davidson County, Tennessee entered an order making the Illinois court's judgement a judgement of the Tennessee court.

On March 25, 1992, Pepper/Holt attempted to collect on this judgement by garnishing the $150,000 promissory note. At the time of the garnishment and at all times prior to bankruptcy, the debtor was in possession of the note and was its designated payee. Moreover, the first $12,500 quarterly principal payment plus accrued interest was set to come due on March 31, 1992.

Notice of the garnishment was sent to HADC of Indiana as maker and payor under the note. HADC of Indiana honored the garnishment by paying over to the First Circuit Court of Davidson County, Tennessee, the quarterly payments under the note as they came due. HADC of Indiana made three payments to the circuit court of $12,500 plus interest being the March 31, June 30, and September 30, 1992 quarterly payments. These payments were all apparently received by Pepper/Holt.

On October 23, 1992, Hodevco filed Chapter 7. All post-petition note payments have been paid to the Chapter 7 trustee.

On December 31, 1992, Pepper/Holt initiated this adversary proceeding against RGI and the debtor seeking the following relief: (1) declare that the garnished portion of the promissory note is not property of the bankruptcy estate and is not subject to a priority claim of RGI, (2) set aside RGI's security interest in the note as a fraudulent transfer from the debtor to RGI, and (3) subordinate RGI's security interest in the note to that of Pepper/Holt. On April 7, 1993, Pepper/Holt, as plaintiff, moved for summary judgment on only one issue related to the first prayer for relief set out above.

### III.  CONCLUSIONS OF LAW

#### A.  Summary Judgement Standard

Bankruptcy Rule 7056 states that Federal Rule of Civil Procedure 56, governing summary judgments, applies in adversary proceedings. Rule 56 provides:

> The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c) (West 1993).

■ Rule 56(c) sets forth a two-pronged test. The first question is whether there is a genuine dispute regarding a fact that is material to the case. The second question is, if there is no factual dispute, whether the moving party is entitled to a judgment under the law.

The court finds no dispute regarding the material facts of this case as set forth above. However, the court concludes that summary

judgement on the issue raised in the plaintiff's motion is inappropriate.

### B. Discussion

■ The sole issue raised in the plaintiff's motion for summary judgment is whether Pepper/Holt's pre-petition garnishment of the promissory note precluded the note's post-petition payment stream from becoming property of the bankruptcy estate. Pepper/Holt contends that the pre-petition garnishment divested the debtor of all legal rights to receive payments under the note. Consequently, under 11 U.S.C. § 541(a)(1), the note's post-petition payment stream did not become property of the estate.

The court disagrees with Pepper/Holt's argument on summary judgement and finds that the entire post-petition payment stream under the note is property of the bankruptcy estate. Accordingly, the plaintiff's motion for summary judgement is denied.

Under § 541(a)(1), "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. While § 541(a) defines what interests of a debtor may become property of the bankruptcy estate, state law determines what legal or equitable interests a debtor possessed at the time of filing. *E.g.*, *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir.1990); *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir.1986).

Tennessee law recognizes several legal interests which the debtor retained in the promissory note. The facts show that prior to filing the debtor was in possession of a promissory note from HADC of Indiana and was its designated payee. This note can be classified as an "instrument" under Tenn. Code Ann. § 47–9–105(1)(i) because it was a "writing which evidences a right to the payment of money ... and is of the type which is in ordinary course of business transferred by delivery with any necessary endorsement or assignment." Further, under Tenn.Code Ann. § 47–1–201(20), "a person who is in possession of ... an instrument ..., issued or endorsed to him or to his order or to bearer or in blank," is a "holder" of that instrument. Since the debtor was in possession of an instrument, i.e. the note, and was its designated payee, the debtor was the "holder" of the note.

■ A holder of a note has the right to transfer or negotiate the note and the right to enforce payments on the note against its maker. Tenn.Code Ann. § 47–3–301. The debtor thus retained the legal right to enforce payment of the note against HADC, its maker. This right is a legal interest recognized by Tennessee law. Assuming the debtor retained this legal interest as holder upon filing bankruptcy, this interest became property of the estate under § 541(a)(1).

■ Nothing occurred prior to the debtor's bankruptcy to divest the debtor of his legal interest as holder of the note. The debtor filed bankruptcy on October 23, 1992. Prior to this, around January of 1990, the debtor pledged the promissory note as collateral on a loan from its parent, RGI. The debtor retained possession of the note and did not endorse it over to RGI. RGI's security interest in the note, therefore, did not divest the debtor of its legal interest as holder and payee of the note.

On March 25, 1992, also prior to bankruptcy, Pepper/Holt attempted to garnish the promissory note to collect the $133,919.59 judgement received in state court. Similarly, this garnishment did not divest the debtor of its legal interest in the note because Pepper/Holt failed to properly garnish the note under Tennessee law.

For a judgement to be properly attached to an instrument by garnishment, the garnishor must follow the formalities of Tenn. Code Ann. § 29–7–105 which states:

> "The garnishee shall not be made liable upon a debt due by negotiable or assignable paper, unless such paper is delivered, or the garnishee [is] completely exonerated or indemnified from all liability thereon, after he may have satisfied the judgement or decree."

This statute was originally codified in May of 1858 as § 3495 of the Code of Tennessee and has remained unchanged since then. Since its codification, two early cases, *Matheny v. Hughes,* 57 Tenn. (10 Heisk.) 401 (1873) and *Pickler v. Rainey,* 51 Tenn. (4 Heisk.) 335

(1871), explained how to effect the attachment of a note by garnishment. In construing § 3495 of the Tennessee Code, these cases held that a judgement can attach to a note by garnishment only if the garnishor: (1) becomes the holder of the note by court order or otherwise or (2) agrees to indemnify the garnishee against future liability under the note to the holder. *Matheny*, 57 Tenn. (10 Heisk.) at 403–4; *Pickler*, 51 Tenn. (4 Heisk.) at 341. *See also Sentinel Fire Ins. Co. v. Nall*, 166 Tenn. 647, 64 S.W.2d 505, 506 (1933); *Kimbrough v. Hornsby*, 113 Tenn. 605, 84 S.W. 613, 615 (1905); Thompson's Shannon's Code of Tennessee, § 5255, ann. 2 (1896). Failure to follow these formalities will result in the discharge of the garnishment against the note. *Hughes v. Powers*, 99 Tenn. 480, 42 S.W. 1, 2 (1897).

■ The rationale behind the requirements of Tenn.Code Ann. § 29–7–105 is clear. Since under Tenn.Code Ann. § 47–3–301 the holder may enforce payment of a note against the maker, payment to anyone other than the holder will subject the maker to double liability. The garnishment of a note to collect on a judgement is no defense to the maker's legal obligation to pay the holder of the note. However, if the garnishor becomes either the holder of the note or agrees to indemnify the garnishee, the garnishee can pay the garnishor and is protected against double liability. If these formalities are not followed, the garnishment will not attach the judgement to the note. In summary, one of the purposes of Tenn.Code Ann. § 29–7–105 is to make Tennessee's garnishment laws conform with the rights of a holder of a note set forth in Tenn.Code Ann. § 47–3–301. *See Matheny*, 57 Tenn. (10 Heisk.) at 404–5; *Kimbrough*, 84 S.W. at 615; Thompson's Shannon's Code of Tennessee, § 5255, ann. 2 (1896).

In its attempt to garnish the note, Pepper/Holt served notice of the garnishment on HADC of Indiana, the garnishee. HADC honored the garnishment by paying three quarterly payments of principal and interest to the circuit court, later collected by Pepper/Holt. Pepper/Holt, however, never became the holder of the note, nor did they agree to indemnify HADC against double liability to the debtor. At the time of Pepper/Holt's garnishment and at all times prior to filing bankruptcy, the debtor remained holder and payee of the note.

Consequently, Pepper/Holt's attempted garnishment failed to attach the judgement to the note. Pepper/Holt's actions never disturbed the debtor's legal right to receive payments under the note as holder and payee. Since this right is a legal interest recognized by Tennessee law, the debtor's right to receive payments under the note became property of the bankruptcy estate upon the debtor's filing under § 541(a)(1). Accordingly, the Chapter 7 trustee has the right to collect and retain the post-petition payment stream made under the note by HADC of Indiana. For the foregoing reasons, Pepper/Holt is not entitled to judgment as a matter of law on the issue raised in its motion for summary judgement.

IT IS SO ORDERED.