State *v.* Parker.

## The State *v.* Howard Parker.

1. Criminal Law. *Carrying pistol. Merger.* While the defendant can not be convicted of a separate offense for having a pistol at the time he did certain shooting, for which he has been convicted of assault with intent to commit murder, yet if the offense of carrying a pistol was complete before the shooting, the defendent may be convicted of carrying a pistol.

2. SAME. *Sentence of the court.* Where a person is convicted of both a felony and a misdemeanor, it is proper that the judgment in the more severe sentence be executed first, because this affords less opportunity of escaping proper punishment.

---

FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby county.   J. M. GREER, J.

McCABE & BROOKS and —— DOUGLASS for Parker.

ATTORNEY-GENERAL LEA for the State.

COOKE, Sp. J., delivered the opinion of the court.

The defendant was indicted for carrying a pistol and convicted, and has appealed to this court.   The bill of exceptions is as follows:' "And in the case of the State against Howard Parker for carrying concealed weapons, it was agreed by the attorney-general and the counsel for defendant, that the testimony should be heard in both cases, while only the first case was on trial, and the two were tried together at the request of the defendant.   That the proof showed that Howard Parker drew his pistol, that it was a small pistol and not an army or navy pistol.   That this was in Shelby county—a few days before the indictment in this case was found.   The above agreement is furnished as a bill of exceptions in the pistol case and the court accordingly signs it as such."

There is nothing whatever in this record to show what other case is referred to, or what that other case was for, or what testimony there was in that

State *v.* Parker.

*other case.* There is nothing to connect or identify this with any other transaction. There is no charge of the court nor any statement that the facts admitted by the argument was all the evidence in the cause. Hence there is no error that we can see in the record.

It is assumed, however, by counsel for the defendant, that the carrying a pistol for which the defendant is indicted, is the same as that disclosed in the case of the State against him for assault and battery with intent to commit murder, and for which he has been convicted, and in which case the judgment has just been affirmed. And upon this assumption it is insisted that the carrying the pistol with which the shooting in that case was done by the defendant, was part and parcel of that offense, and is merged in it, and hence the conviction in this case was improper. If we assume, however, that the carrying a pistol for which this conviction has been had was the same carrying that has been disclosed in that case, then, as we have seen in the opinion just announced, the record in that case shows that he had the pistol when Holmes, the officer whom he shot, first found him at Wilcox's house, that he carried it with him when he fled to the bushes where he concealed himself. Hence the offense of carrying it was complete before he did the shooting with it, for which he has been convicted in that case. And although he could not be convicted for a separate offense for having the pistol at the time he did the shooting, yet he might be properly convicted for the previous carrying before he was discovered and confronted by the officer whom he shot.

But whether this were so or not, as this record is presented, we are compelled to affirm the judgment,. which in this case will be executed after the expiration of the term of imprisonment in the penitentiary to which the defendant has been sentenced, as we deem that the more proper order to be made in such cases, as affording persons convicted of both a felony and misdemeanor less opportunity of escaping before the execution of the more severe sentence.