STATE OF TENNESSEE, ON THE RELATION OF J. L. ROLLINGS, COMPLAINANT, APPELLEE, *v.* JULIE RITZIUS, DEFENDANT, APPELLANT.

(*Nashville,* December Term, 1931.)

Opinion filed March 26, 1932.

JOSEPH HIGGINS, for complainant, appellee.

JEFF D. FULTS, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action for the writ of *mandamus,* to compel the defendant, Mrs. Ritzius, incumbent of the office of County Superintendent of Grundy County, to surrender the office to the relator, claiming title thereto by virtue of his election at a regular election held in August, 1930. From a decree sustaining the title of the relator, the defendant has appealed to this court.

While the original contention of Mrs. Ritzius appears to have been grounded upon an alleged lack of qualification on the part of the relator to hold the office, the assignments of error made in this court present only the contention that the relator's election was void because the statute under which it was held, Private Acts 1929, chapter 551, is unconstitutional and void. The constitutionality of this Act is, therefore, the only question before this court on the appeal.

We are of the opinion that the statute is a valid enactment. The decree of the chancellor therefore will be affirmed.

The caption of the Act under consideration describes it as providing for the election of a county superintendent in counties "having a population of more than 9,750 and less than 9,755 according to the Federal Census of 1920 or any subsequent Federal Census."

In the first section of the body of the Act this quoted language is repeated, except the word and figures "of 1920" are omitted. We do not think this discrepancy between the caption and body is material or of any consequence. Reference in the body of the Act to the population of the counties to be affected "according to the Federal Census" could only mean the Federal census then current, which was the Federal census of 1920. It is the duty of the court to give meaning to the words

employed, and this is the only reasonable meaning which could be accorded to the language used.

The reference in both the caption and body of the act is to Grundy County which, according to the Federal census of 1920, had a population of 9,753. The Act affects the county in its governmental capacity, and is therefore to be enforced and construed as if it had referred to Grundy County by name. *Railroad* v. *Marshall County,* 161 Tenn., 236, and cases therein cited. So construed, the Act does not violate the provisions of the Constitution, article 1, section 8, and article 11, section 8.

The Act does not expressly amend, or purport to amend, previous laws in conflict with it. It was, therefore, not necessary that it recite the title or substance of any law repealed or amended by implication. This is made clear by *Wright* v. *Donaldson,* 144 Tenn., 255, 264-265, and the cases there cited.

The office of county superintendent of public instruction is a civil office, within the meaning of the constitutional reference to such offices. *State ex rel.* v. *Davis,* 159 Tenn., 692. The Constitution of Tennessee, article 7, section 5, directs that elections for civil offices shall be held on the first Thursday in August, and that "the term of each officer so elected shall be computed from the first day of September next succeeding his election." Section 1 of the Act under consideration directs that the county superintendent "shall be elected by the qualified voters of such counties at the regular election to be held on the first Thursday in August, 1930, and every two years thereafter, and whose term of office shall begin on January 1, 1931, and continue for two years and until his successor shall be elected and qualified."

This provision of the statute clearly directs that the term of the County Superintendent for Grundy County shall be two years, beginning on the first day of January next succeeding his election. In this provision the statute is plainly in conflict with the constitutional provision above quoted.

It does not follow, however, that the statute must be destroyed by decree of this court because of this conflict. There is ample authority for giving effect to the constitutional provision and the enforcement of the other portions of the statute. In *Maxey* v. *Powers,* 117 Tenn., 381, 400, this court said: ''The constitution is the fundamental law of the State, and every statute enacted by the general assembly must be construed in the light of its provisions. Those provisions applicable to the particular legislation in hand are to be considered as written into it and a part of it.''

In *State* v. *Leonard,* 86 Tenn., 485, 488, a statute was under consideration which created a county judge and fixed his term of office at four years, contrary to the direction of the constitution that the term of each judge of an inferior court should be eight years. With respect to this discrepancy between the statute and the constitution, this court said: ''This, however, is an immaterial matter. The Act being otherwise valid, the Constitution would regulate the term, although a different term was intentionally fixed; and the Judge, being duly elected, would hold for eight years, the constitutional term.''

In *State ex rel.* v. *Maloney,* 92 Tenn., 62, 68, a similar statute, creating an office of county judge and fixing the term at a period shorter than that prescribed by the constitution, was construed and given effect as in *State*

v. *Leonard, supra.* The court said: "In such a conflict, the Act being otherwise valid, the words of the Constitution must prevail, and those of the statute, to the extent of the antagonism, must be entirely disregarded as null and void. . . . The limitation of the term, by the first section of the Act under consideration, is, therefore, inoperative and void, and Maloney is entitled to hold his office without reference thereto, and just the same as if no such limitation had been incorporated in the statute."

These cases establish the constitutional principle that if a statute creates an office and fixes the term contrary to the express provisions of the constitution, the provisions of the statute creating the office may be enforced, with the constitutional term substituted for the invalid statutory term.

 Applying this principle to the statute under consideration, it seems obviously our duty to give effect to the provisions prescribing the mode of election, and to substitute for the statutory direction as to the time of the beginning and ending of the term the constitutional direction with respect thereto. In so doing we merely follow the rule stated in *Maxey* v. *Powers, supra,* that the applicable provisions of the constitution are to be considered as written into and made a part of the statute under consideration, giving effect to the terms of the constitution when inconsistent with the terms of the statute.

 So construed, the statute must be given effect as providing for the election of a county superintendent, to take office on the first day of September following his election, and holding two years therefrom and until his successor is elected and qualified.

It is contended for the appellant that this construction of the statute would not save it in this instance, for the reason that it would then deprive her of a portion of the term to which she had been elected, and thus be void under the constitutional rule given effect in *Smith* v. *Sells,* 156 Tenn., 539, and like cases. Appellant had been elected by the quarterly county court under statutory provisions which extended her term of office to January, 1931.

We think appellant is not entitled to make this objection to the validity of the statute, for the reason that the relator did not undertake to qualify for the office or to demand that it be surrendered to him until the time of the expiration of the term to which appellant had been elected. Since she was not called upon to surrender the office until the expiration of her term, she was deprived of no property right, and in so far as the present controversy is concerned, any question as to the shortening of her term of office is moot, and therefore need not be considered.

We therefore concur with the learned chancellor in holding that there is no constitutional obstacle to the enforcement of the Act under consideration.