GRINDSTAFF *v* STATE.

(*Knoxville*, September Term, 1937.)

Opinion filed Nov. 27, 1937.

D. M. Guinn and Thomas E. Mitchell, both of Johnson City, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiff in error, Claude Grindstaff, hereinafter referred to as defendant, was indicted for unlawfully carrying a pistol, with the intention of going armed. Upon his trial, he was found guilty, and his punishment fixed at a fine of $50 and six months' imprisonment in the county workhouse.

Defendant has appealed to this court and assigned errors.

It is complained that there is no evidence to support the verdict of the jury, and that the evidence preponderates in favor of the innocence of defendant.

The record discloses that on November 13, 1935, defendant, while standing in a public highway, shot and killed Love Wilson with a pistol. The fact that defendant had and used a pistol on the occasion in question is not controverted. One of the witnesses for the State was asked:

"Q. Did you see him get it out from under his coat? A. I saw him reach for it.

"Q. He pulled it out? A. The next thing I saw he had it shooting at Love."

The scene of the shooting was at a point in the highway about 40 yards below the home of deceased. Defendant did not testify in the case. It appears that defendant was tried for the murder of Love Wilson and

found guilty of involuntary manslaughter, with punishment fixed at imprisonment in the state penitentiary for one year.

Defendant relies on the case of *Heaton* v. *State,* 130 Tenn., 163, 169 S. W., 750, where it was held that a person who, to protect himself against an unlawful assault in his office and sleeping apartment, under circumstances entitling him to exercise the right of self-defense, picked up a pistol and fired two shots at an intruder, did not "carry" the pistol within the meaning of the statute (Shannon's Code, section 6641). The defendant, Heaton, had the legal right, as was pointed out by the court, to keep the pistol in his residence, or place of business, for his protection (*Osborne* v. *State,* 115 Tenn., 717, 718, 92 S. W., 853, 5 Ann. Cas., 797), and could lawfully use it, at such place, for his protection against a violent and deadly assault by a lawless intruder. In the instant case, the defendant, Grindstaff, was, as heretofore stated, out on a public highway with a pistol in his hands. The jury was warranted in finding from the evidence that he drew this pistol from under his coat. This, however, is unimportant, for, unquestionably, he was carrying the pistol.

It is insisted that there was a merger of the offense of carrying the pistol into the offense of manslaughter committed in its use. In *Heaton* v. *State, supra,* the question of merger was discussed but not decided, because not necessary to the decision of the case. In *State* v. *Parker,* 13 Lea (81 Tenn.), 225, the court said, in the course of its opinion, that *"although he* [Parker] *could not be convicted for a separate offense for having the pistol at the time he did the shooting,* yet he might be properly convicted for the previous carrying before he

was discovered and confronted by the officer whom he shot." The portion of the language above italicized was declared in *Heaton* v. *State, supra,* to be *dictum.*

Section 11758 of the Code is as follows:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

■ At common law, where the same criminal act constitutes both a felony and a misdemeanor, the misdemeanor is merged in the felony and the latter only is punishable. 16 C. J. 59; Wharton's Criminal Law (11 Ed.), section 39.

In *Hall* v. *State,* 75 Tenn. (7 Lea.), 685, 686, the court said:

"At common law, there could be no conviction for a misdemeanor on an indictment for a felony: 1 Bish. Crim. Law, section 804. This rule was based on the fact that persons indicted for misdemeanor had at common law certain advantages at the trial not permitted in felony, such as the right to defend by counsel, and to have a copy of the indictment and a special jury. It was a plain dictate of justice that a person should not be deprived of these rights by the charge of a graver crime in the indictment. In modern times, the discrimination is in favor of those indicted for the higher offense, and the reason for the old rule no longer exists. The courts of several of the States have, consequently, held that a conviction for a misdemeanor may be had un-

der an indictment for a felony which includes it. Other States have changed the rule by statute. Our Code contains such a provision, and authorizes the jury to acquit the defendant of the crime charged in the indictment, and find him guilty not only of a lower offense, whether it be a felony or a misdemeanor, when the indictment is for an offense including different degrees, but of an offense, the commission of which is necessarily included in that with which he [is] charged: Code, section 5222.''

The common-law doctrine of merger is abolished in Tennessee by section 11758 of the Code (section 5222 of the Code of 1858). This section is very broad and comprehensive in its terms and authorizes the conviction of the accused of any offense which is embraced in that charged in the indictment. *Lancaster* v. *State*, 144 Tenn., 21, 229 S. W., 150. By the express terms of this statute, the accused may be found guilty ''of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor.''

Defendant, under the indictment charging him with the murder of Love Wilson, could not have been convicted of the offense of carrying a pistol. The unlawful carrying of dangerous weapons (Code, section 11007) is an offense of a different nature from any of the degrees of offense for which conviction may be had under an indictment charging murder, and is not one necessarily included in such charge. Defendant's conviction for the killing of Love Wilson did not bar a prosecution for carrying the pistol with which the killing was done.

In 16 Corpus Juris, page 275, it is stated:

''Conviction of assault with intent to murder does not

bar a prosecution for carrying a pistol, although both offenses were committed on the same occasion and were parts of the same transaction; and a conviction of the latter is not a bar to a prosecution for the former offense. A conviction for an assault with a weapon is not a bar to a subsequent prosecution for carrying a concealed weapon; and a conviction for carrying prohibited weapons is not a bar to a subsequent prosecution for assault and battery. An acquittal on the charge of unlawfully carrying brass knucks is not a bar to a subsequent prosecution for an assault with knuckles.''

In an annotation to be found in 31 L. R. A. (N. S.), 732, a number of authorities are set forth and show that the overwhelming weight of authority is to the effect that a prosecution for an assault with a deadly weapon is not a bar to the prosecution for the carrying of such deadly weapon.

We have considered all of the assignments of error made by defendant and find them to be without merit. The result is that the judgment of the trial court must be affirmed.