J. R. PRITCHARD *v.* CARTER COUNTY MOTOR COMPANY.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

Petition for Rehearing denied September 6, 1954.

BANKS, STREET & BANKS, of Elizabethton, for appellant.

SHULL & WALL, of Elizabethton, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The trial court upheld the validity of the Act in question, and this appeal resulted.

The question presented is whether Chapter 39 of the Public Acts of 1953, repealed by implication Section 9304 of the Code.

The declaration averred that the appellees took possession of appellant's truck valued at $1,728, following a judgment in a replevin suit in the General Sessions Court, where the jurisdiction in that court is alleged to be limited to $1,000 in such cases; that the judgment was void as being beyond the jurisdiction of the court.

Chapter 39 of the Public Acts of 1953 undertook to increase the jurisdictional amount in Justices of the Peace from $1,000, as provided by Chapter 230 of the Acts of 1951, to $2500.00.

The Section sought to be amended is Code Section 10136.

Chapter 39 of the Public Acts of 1953 incorporated it-

self into Section 10136 of the Code and the two became one statute.

The statute under consideration reveals an intention on the part of the Legislature to regulate the jurisdiction of General Sessions and Justices of the Peace Courts. For the past few years the Legislature has been increasing the jurisdiction of Justices of the Peace and General Sessions Courts.

█ It is generally held that statutes forming a system should be construed so as to make that system consistent in all its parts and uniform in its operation. *Davis* v. *Beeler,* 185 Tenn. 638, 644, 207 S. W. (2d) 343; *Crane Enamel Co.* v. *Jamison,* 188 Tenn. 211, 224, 217 S. W. (2d) 945.

█ The Act in question amends Code Section 9304 by implication, and in such cases Art. II, Sec. 17 of the Constitution does not apply, and it is not necessary to recite the title or substance of the Act amended. *Koen* v. *State,* 162 Tenn. 573, 39 S. W. (2d) 283; *Daniels* v. *State,* 155 Tenn. 549, 296 S. W. 20; *Wright* v. *Donaldson,* 144 Tenn. 255, 230 S. W. 605.

█ The appellant insists that there is a distinction between replevin, Code Section 9304, and "cases for the recovery of property". Code Section 10136. "Replevin" is defined as a form of action which lay (at common law) to regain possession of personal chattels taken from plaintiff unlawfully. Cyclopedic Law Dictionary, Second Edition, 878.

█ We are of the opinion that Section 9304 and Section 10136(3) of the Code deal with the same subject.

It follows that the Act in question is valid and amends Code Section 10136.

It results that the judgment of the lower court is affirmed.