STATE of Tennessee, Petitioner,

v.

Joe Eddie HUDSON, Respondent.

Supreme Court of Tennessee.

Feb. 21, 1978.

Robert A. Grunow, Asst. Atty. Gen., Nashville (R. A. Ashley, Jr., Atty. Gen., of counsel), Nashville, for petitioner.

Anthony J. Sabella, Memphis, for respondent.

## OPINION

BROCK, Justice.

We granted certiorari in this case to consider recurring problems which arise in the application of two of our criminal statutes, viz., T.C.A., § 39–4914 (using a firearm in the commission of a felony) and T.C.A., § 39–4901 (carrying a dangerous weapon with intent to go armed), to the situation presented when an accused employs a firearm to commit an assault with intent to commit murder (T.C.A., § 39–604) or an armed robbery (T.C.A., § 39–3901), or both, against a single victim on a single occasion.

The victim in this case, Mr. George Thomas Stewart, emerged from a bank in Memphis carrying a bag containing payroll cash in the amount of $5,150.67. He entered his truck and placed the money bag on the seat next to him at which time the defendant appeared at the door, pointed a pistol at him and demanded that he hand over the bag. The defendant reached into the truck and took the money bag; he then stepped back a short distance, fired a .38 caliber bullet into the victim's leg and fled.

Defendant was separately indicted and convicted in one trial of the following offenses and received the punishments indicated:

(1) Robbery by the use of a deadly weapon, T.C.A., § 39–3901—20 years imprisonment;

(2) Assault with intent to commit murder in the second degree, T.C.A., § 39–604—imprisonment for not less than one nor more than five years;

(3) Use of a firearm in committing a felony, to wit: armed robbery and assault with intent to commit murder, T.C.A., § 39–4914—imprisonment for not less than one more more than five years;

(4) Carrying a dangerous weapon with intent to go armed, T.C.A., § 39–4901—imprisonment for six months in the workhouse and a fine of $250.00.

The sentences for the T.C.A., §§ 39–604, 39–3901 and 39–4914 convictions were set to run consecutively, that for the T.C.A., § 39–4901 conviction concurrently.

The Court of Criminal Appeals affirmed the convictions for armed robbery and assault with intent to commit murder in the second degree but reversed and dismissed the other two convictions upon the theory, apparently, that they were merged into the convictions for robbery and assault.

The State concedes in its brief in this Court that insofar as the conviction "for use of a firearm in the commission of a felony" is based upon the defendant's use of the pistol in committing the robbery it cannot stand because the former offense "merged" into the armed robbery offense, but insists, nevertheless, that the conviction "for use of a firearm in the commission of a felony," is valid because the defendant also used the pistol in the commission of the offense of assault with intent to commit murder in the second degree, a separate and distinct offense into which the use of a firearm offense does not merge. The State also contends that the offense of carrying a dangerous weapon with intent to go armed does not merge into the other offenses and, thus, that the conviction for that offense may stand.

In *State v. Black*, Tenn., 524 S.W.2d 913 (1975), this Court reviewed many prior decisions of this Court dealing with problems of double jeopardy, merger of offenses and identity of offenses, and concluded:

> "We do not find the formulation of the various 'tests' into catch words, such as 'same transaction' or 'same evidence' to be particularly helpful. As previously stated, each case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances." 524 S.W.2d at 919.

However, the Court did approve and apply the rule for distinguishing offenses announced in *Blockburger v. U. S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), viz., two offenses are distinct and separate if the statutory definition of each requires proof of a fact which the other does not require.

Applying to this case the principles approved in *Black*, we consider the nature and effect of T.C.A., § 39–4914, which provides:

> "Any person who employs any firearm of any character as a means of committing or escaping from a felony is guilty of a felony, and on conviction of first offense shall be punished by imprisonment in the penitentiary for not less than one (1) year nor more than five (5) years, and on conviction of second offense shall be punished by imprisonment in the penitentiary for not less than five (5) years nor more than ten (10) years. The trial judge may in his discretion suspend all or part of the penalty imposed by this section.

> "The period of confinement imposed by this section shall be in addition to any penalty provided by law as punishment for any other felony, and shall run consecutively, and not concurrently, with any other period of confinement."

■ The obvious purpose of this enactment was to provide additional punishment for one who employs a firearm as a means of committing a felony. It could have been achieved more easily if the legislature had not included the language " . . . is guilty of a felony, . . . " It certainly was not necessary to include that language in order to provide such additional punishment. To give a literal interpretation to the quoted phrase results, of course, in the conclusion that this statute creates and defines a new felony that is separate and distinct from the "principal" felony which is committed by means of a firearm. But such a construction would result in a statute that could not be applied as the legislature intended without running afoul of the double jeopardy prohibitions of our state and federal constitutions. Separate convictions for the "principal" felony and the new use of a firearm felony could not stand without violating the double jeopardy clause. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Woofter v. O'Donnell*, Nev., 542 P.2d 1396 (1975); *Raby v. State*, Nev., 544 F.2d 895 (1976). In short, if the statute were so construed it would be self-defeating and nugatory. Accordingly, we conclude that the statute should be given a construction that will

render it both constitutional and effective to carry out the obvious legislative intent.

We hold that this statute does not create a new felony, but, instead amends by implication our other felony statutes, with the exception to be discussed, *infra*, by adding a proviso to each such statute that if such felony is committed by means of using a firearm the offender shall, in addition to the punishment regularly prescribed for such felony, be further punished as set out in this statute, T.C.A., § 39–4914. See *State ex rel. Anderson v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965). This Court held in the *Winsett* case that the legislature did not create a separate or distinct offense by providing increased punishment for the offender who used a deadly weapon in committing robbery. The Court concluded that by thus amending the robbery statute the legislature merely provided for increased punishment because of the presence of aggravating circumstances.

█ Although amendments of statutes by implication are not favored, they are recognized as a matter of necessity. *English v. Farrar,* 206 Tenn. 188, 332 S.W.2d 215 (1960); *Pritchard v. Carter County Motor Co.,* 197 Tenn. 222, 270 S.W.2d 642 (1954); *Texas Co. v. McCanless,* 177 Tenn. 238, 148 S.W.2d 360 (1941). And, it is not necessary that such amending statutes recite the title or substance of the laws amended by implication. *State v. Ritzius,* 164 Tenn. 259, 47 S.W.2d 558 (1932); *Illinois Cent. R. Co. v. Crider,* 91 Tenn. 489, 19 S.W. 618 (1892).

█ Applying to this case the foregoing construction of T.C.A., § 39–4914, we conclude that the conviction for using a firearm in the commission of a felony is void, since that statute does not create a separate offense but provides only for increased punishment.

█ The form of the indictment, the verdict, and judgment should have been in compliance with the construction of T.C.A., § 39–4914, which we have set out above.

The error, however, is rendered harmless if the judgment is revised by deleting the separate conviction for using a firearm in commission of a felony, T.C.A., § 39–4914, and revising the judgment for assault with intent to commit murder in the second degree by specifying that the assault was "committed by means of using a firearm, to wit: a pistol," and by providing that the punishment for that offense shall consist of the two sentences fixed by the jury for the assault and the use of a firearm in committing a felony convictions, those two sentences to run consecutively. So revised, the judgment will comply with the law as we have herein construed it, the verdict of the jury will be implemented, and no right of the defendant will be abridged.

█ We further hold that T.C.A., § 39–4914, is to be applied only with respect to those felonies for which the law does not otherwise provide an increase in punishment for use of a firearm in committing such felonies. We construe the legislative intent to be that T.C.A., § 39–4914, is not to be applied to those felonies for which the law already prescribes an enhanced penalty for the offender who commits such felonies by means of a firearm. Although the question is not free from doubt since "deadly weapon" obviously may include more than a "firearm," we conclude that robbery by use of a deadly weapon, T.C.A., § 39–3901, is a felony with respect to which T.C.A., § 39–4914, does not apply. We are not convinced that the legislature meant to twice enhance the penalty for one who commits robbery by means of a firearm. See *Cole v. State,* Tenn.Crim.App., 539 S.W.2d 46 (1976); *People v. Floyd,* 71 Cal.2d 879, 80 Cal.Rptr. 22, 457 P.2d 862 (1969); *State v. Harris,* 337 Mo. 1052, 87 S.W.2d 1026 (1935). Accordingly, the conviction and sentence in this case for armed robbery is correct in its present form and is affirmed.

█ We come now to the conviction for carrying a dangerous weapon (pistol) with intent to go armed. T.C.A., § 39–4901.

We hold that, under the facts of this case, this offense is one which is separate and distinct from the offenses of armed robbery and assault with intent to commit murder in the second degree by means of using a firearm. *Grindstaff v. State,* 172 Tenn. 77, 81, 110 S.W.2d 309, 310 (1937); *Cole v. State, supra.* The statutory definition of the offense of a dangerous weapon[1] requires proof of a fact which each of the other statutes does not, and, vice versa; hence, it is a separate and distinct offense according to the rule approved by this Court in *State v. Black, supra.* See also *Blockburger v. U. S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Gore v. U. S.,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). Nor is it a lesser offense included within either of the other two offenses. *Grindstaff v. State, supra; Arterburn v. State,* 216 Tenn. 240, 391 S.W.2d 648 (1965). *Carr v. State,* Tenn.Crim.App., 455 S.W.2d 619 (1970), holding to the contrary, is no longer authority. This offense was completed both before and after the other offenses were committed. *State v. Parker,* 81 Tenn. 225 (1884). The judgment of the Court of Criminal Appeals on this charge is reversed and that of the trial court reinstated.

This cause is remanded to the trial court with instructions to vacate the judgment entered with respect to the convictions for assault with intent to commit murder in the second degree and using a firearm in committing a felony and, in lieu thereof, to enter a judgment for assault with intent to commit murder in the second degree by means of using a firearm and to revise the sentence, as hereinabove set out. The judg-

ment of the trial court with respect to the offenses of armed robbery and carrying a dangerous weapon with intent to go armed is affirmed. Costs incurred in this Court are taxed equally against the State and the defendant.

FONES, COOPER and HARBISON, JJ., concur.

HENRY, C. J., concurring in part, dissenting in part.

HENRY, Chief Justice, concurring in part, dissenting in part.

I concur in the opinion of the Court except that I would affirm the Court of Criminal Appeals in the dismissal of the charge of carrying a pistol in violation of Sec. 39–4901, T.C.A. This pistol is "white hot" from overuse.

Petitioner has been punished adequately for this offense. *First,* his punishment was enhanced, under the armed robbery statute. *Second,* his punishment was enhanced under Sec. 39–4914, T.C.A.; and *third,* he was convicted of an assault with intent to commit murder with the same pistol. A fundamental regard for fairness demands that a *fourth* penalty not be exacted. The public policy has already been fully vindicated. No good purpose would be served by a fourth conviction based upon identical public policy considerations.

Quite aside from these evident considerations of fair play, I do not believe this conviction may stand under the double jeopardy clause of the state or federal constitutions. This conviction, in my view, must

---

1. "Any person who shall carry in any manner whatever, with the intent to go armed, any razor, dirk, bowie knife or other knife of like form, shape or size, sword cane, ice pick, sling shot, blackjack, brass-knucks, spanish stiletto, or a fountain pen pistol or gun, or like instrument containing a firing pin capable of shooting tear gas or pistol cartridges, or any pistol or revolver of any kind whatever, except the army or navy pistol which shall be carried openly in the hand, or any other dangerous weapon, shall be guilty of a misdemeanor.

"Any person guilty of such offense shall be subject to presentment or indictment, and on conviction shall be fined not less than fifty dollars ($50.00) nor more than one thousand dollars ($1,000), and imprisoned in the county jail, imprisonment only in the discretion of the court; provided, the defendant shall give good and sufficient security for all the costs, fine, and any jail fees that may accrued by virtue of his imprisonment."

fall under *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 2913, 53 L.Ed.2d 1054, 1056 (1977), wherein the Court, quoting from *In re Hans Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889), said:

> [A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.

The recent case of *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), makes it clear that the Fifth Amendment "forbids successive prosecution and cumulative punishment for a greater and lesser included offense."

In reaching this conclusion the Court commented at some length on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which provided a substantial part of the basis for our holding in *Black, supra,* and in concluding this portion of the discussion said:

> For it is clearly *not* the case that "*each* statute requires proof of an additional fact which the other does not." 284 U.S., at 304 . . . As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it. (Emphasis supplied). 97 S.Ct. at 2226; 53 L.Ed.2d at 195.

This conclusion is inescapable under *Blockburger, supra,* since under its test *each* case must require proof that the other does not.

I do not believe that carrying a pistol used in an armed robbery or in an enhanced assault is a separate and distinct crime under *Blockburger.* It must be borne in mind that the *Blockburger* test commands that "*each*" offense require proof that the other does not.

I advert to the quotation from *Brown v. Ohio, supra,* and apropos thereto would point out that just as proof of auto theft would necessarily make out a case of joyriding, so would armed robbery establish a case of carrying a pistol. The evidence needed to prove the assault to murder and the robbery necessarily encompassed the proof that the defendant was carrying a dangerous weapon with intent to go armed. This case, therefore, fails the *Blockburger* test.

It is argued by the State, and asserted by the majority, that this "offense was completed both before and after the other offenses were committed." This is analogous to the argument made in *Brown v. Ohio* that "the charges against him focused on different parts of his 9-day joyride." To which the Supreme Court responded:

> The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units. 97 S.Ct. at 2227, 53 L.Ed.2d at 196.

As the majority said in *Black, supra,* at 919:

> . . . *each* case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances. (Emphasis supplied).

The application of these factors in the context of this case requires a dismissal of the charge of carrying a dangerous weapon.