**STATE of Tennessee, Petitioner,**

v.

**Bruce Edward TAYLOR, Respondent.**

Supreme Court of Tennessee.

Feb. 27, 1978.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Fernand D. Brackstone, Memphis, for respondent.

## OPINION

BROCK, Justice.

We granted certiorari in this case to consider issues identical to those which we have discussed fully and decided in *State v. Hudson*, Tenn., 562 S.W.2d 416 (1978) and our decision in the *Hudson* case controls the disposition of this case.

The victim in the instant case was a pregnant young woman who was walking down a street in Memphis when she was accosted by the defendant who drove up beside her in his automobile, stopped and tried to persuade her to join him. When she refused, he got out of the automobile, seized her by the hair and threatened her with a drawn pistol. When she resisted his dragging her toward his car by the hair, he shot her in the chest and abdomen, thereby killing her unborn baby. He then grabbed her purse and sped away.

In the trial court the defendant was convicted of assault with intent to commit murder in the first degree, T.C.A., § 39–604, for which he was sentenced to imprisonment in the penitentiary for not less than 3 nor more than 21 years; of robbery with a deadly weapon for which he was sentenced to confinement in the penitentiary for a period of 25 years, T.C.A., § 39–3901; use of firearm in committing a felony, to wit: assault with intent to commit murder in the first degree, for which he was sentenced to confinement in the penitentiary for not less than one nor more than five years, T.C.A., § 39-4914; and carrying a dangerous weapon with intent to go armed, T.C.A., § 39-4901, for which he was sentenced to con-

finement in the workhouse for 11 months, 29 days and was fined the sum of $50.00. The sentence for the T.C.A., § 39–4914, offense was ordered to run consecutive to the other sentences but all other sentences were ordered to run concurrently. The Court of Criminal Appeals reversed the conviction for use of a firearm in committing a felony, T.C.A., § 39–4914, holding that it was merged into the conviction for armed robbery; the other three convictions were affirmed. We have this day decided in *State v. Hudson, supra*, that T.C.A., § 39–4914, does not create a separate offense, but increases the punishment for one who commits a felony by use of a firearm. Therefore, upon the authority of the *Hudson* case, we hold that the Court of Criminal Appeals did not err in reversing and dismissing the conviction for using a firearm in commission of a felony. However, as we did in the *Hudson* case, we direct the trial court, upon remand, to vacate the judgment entered with respect to the conviction for assault with intent to commit murder in the first degree and using a firearm in committing a felony and, in lieu thereof, to enter a judgment for assault with intent to commit murder in the first degree by means of using a firearm and to revise the sentence for the assault conviction by providing that the punishment for that offense shall consist of the two sentences fixed by the jury for the assault and the use of a firearm in committing a felony convictions, those two sentences to run consecutively.

 For the reasons expressed in *State v. Hudson, supra*, we affirm the judgment of the lower courts with respect to the conviction for carrying a dangerous weapon with intent to go armed, T.C.A., § 39–4901.

 Likewise, we affirm the conviction for armed robbery for the reasons stated in *State v. Black*, Tenn., 524 S.W.2d 913 (1975) it being a separate offense upon the facts shown in this record.

Other errors alleged by the respondent have been considered but found to be without merit and they are, accordingly, overruled.

This cause is remanded to the trial court with instructions to vacate the judgment entered with respect to the convictions for assault with intent to commit murder in the first degree and using a firearm in committing a felony and, in lieu thereof, to enter a judgment for assault with intent to commit murder in the first degree by means of using a firearm and to revise the sentence as hereinabove set out. The judgment of the trial court with respect to the offenses of armed robbery and carrying a dangerous weapon with intent to go armed is affirmed. Costs incurred in this Court are taxed equally against the State and the defendant.

FONES, COOPER and HARBISON, JJ., concur.

HENRY, C. J., concurs in part; dissents in part.

HENRY, Chief Justice, concurring in part and dissenting in part.

For the reasons set forth in my dissent in *State v. Hudson*, 562 S.W.2d 416 (Tenn. 1978), I dissent from so much of the majority opinion as affirms the conviction for carrying a dangerous weapon with intent to go armed. I concur in all else.