**STATE of Tennessee, Petitioner,**

v.

**John DeWitt McDOWELL, Jr., Respondent.**

Supreme Court of Tennessee.

Feb. 27, 1978.

Robert A. Grunow, Asst. Atty. Gen., Nashville, for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Stanley Fink, Memphis, for respondent.

## OPINION

BROCK, Justice.

This is a companion case to *State v. Hudson*, Tenn., 562 S.W.2d 416 (1978) decided this date. It involves issues identical to those discussed and decided in the *Hudson* case respecting T.C.A., § 39–4914 and 39–4901.

We briefly state the facts out of which this prosecution arose. The defendant visited the home of his former girl friend and engaged in an argument with her and two male visitors. During this time the defendant struck the woman, waved a pistol, then fired the weapon through a door and wounded one of the men. These facts served as the basis for the following action in the trial court:

(1) Defendant was convicted for assault with intent to commit murder in the second degree and was sentenced to confinement in the penitentiary for not less than two nor more than five years;

(2) Defendant was convicted for using a firearm in the commission of a felony, T.C.A., § 39–4914, for which the jury fixed a punishment of imprisonment for not less than two nor more than five years, but the trial judge reduced the penalty, making it a sentence of not less than one nor more than five years in the penitentiary;

(3) Defendant was convicted of carrying a dangerous weapon with intent to go armed, T.C.A., § 39–4901, for which he was punished with a fine of $50.00.

The Court of Criminal Appeals in a split decision reversed and dismissed the convictions for use of a firearm in the commission of a felony and carrying a dangerous weapon with intent to go armed, holding that these offenses were lesser offenses included within the offense of assault with intent to commit murder in the second degree. We granted certiorari to consider the construction and application of T.C.A., § 39–4914 and 39–4901. For the reasons stated in our opinion in *State v. Hudson, supra,* we hold that T.C.A., § 39–4914, does not create a separate offense but authorizes increased punishment for one who commits a felony by means of using a firearm. Therefore, we hold that the conviction based upon that · section of the Code cannot stand. As we did in the *Hudson* case, *supra,* we correct this error by directing the trial court upon remand to delete the separate conviction for using a firearm in commission of a felony, T.C.A., § 39–4914, and to revise the judgment for assault with intent to commit murder in the second degree by specifying that the assault was "committed by means of using a firearm, to wit: a pistol." We further direct that the punishment for the assault conviction shall consist of the two sentences fixed by the jury for the assault and the use of a firearm in committing a felony conviction, those two sentences to run consecutively.

Likewise, for the reasons expressed in our opinion in *State v. Hudson, supra,* we hold that the conviction for carrying a dangerous weapon with intent to go armed may stand and we, accordingly, reverse the decision of the Court of Criminal Appeals with respect to this offense and affirm that of the trial court.

Therefore, we remand this cause to the trial court with instructions to vacate the judgment entered with respect to the convictions for assault with intent to commit murder in the second degree and using a firearm in committing a felony and, in lieu thereof, to enter a judgment for assault with intent to commit murder in the second degree by means of using a firearm and to revise the sentence, as hereinabove set out. The judgment of the trial court with respect to the offense of carrying a dangerous weapon with intent to go armed is affirmed. Costs incurred in this Court are taxed equally against the State and the defendant.

FONES, COOPER and HARBISON, JJ., concur.

HENRY, C. J., concurs in part; dissents in part.

HENRY, Chief Justice, concurring in part, dissenting in part.

For the reasons set forth in my dissent in *State v. Hudson,* 562 S.W.2d 416 (Tenn. 1978), I dissent from so much of the majority opinion as affirms the conviction for carrying a dangerous weapon with intent to go armed. I concur in all else.