STATE of Tennessee, Petitioner,

v.

Roosevelt CHAMBERS, Respondent.

Supreme Court of Tennessee.

March 6, 1978.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

Ike R. Clinton, Memphis, for respondent.

OPINION

BROCK, Justice.

This case is a companion to *State v. Hudson,* Tenn., 562 S.W.2d 416 (1978) decided this date. We granted certiorari to consider the construction and application of T.C.A., § 39–4914.

Pursuant to separate indictments, the defendant Chambers was convicted of assault with intent to commit murder in the second degree, T.C.A., § 39–604, and using a firearm in the commission of a felony, § 39–4914. He received a sentence of imprisonment for not less than one nor more than five years in each case, the sentences to run consecutively. The Court of Criminal Appeals reversed the conviction and dismissed the indictment charging the defendant with use of a firearm in commission of a felony. T.C.A., § 39–4914, holding that it was a lesser offense included within the offense of assault with intent to commit murder in the second degree.

The indictments were based upon the facts hereinafter stated. The defendant's former wife was living at the home of her mother at the time this offense was committed. She and a male companion, Mr. Byers, were sitting in the driveway of her mother's home in an automobile late at night when the defendant approached them in his automobile and stopped. The defendant emerged from the vehicle, walked to Byers' car and fired not less than three

shots from a .38 caliber pistol through the passenger side window. One of these bullets struck Mrs. Chambers in the head but the wound did not prove fatal. Byers then backed his vehicle out and sped away with the defendant giving chase.

For the reasons stated in *State v. Hudson, supra,* we hold that T.C.A., § 39–4914, does not create a separate felony but enhances the punishment for other felonies which are committed by means of using a firearm. Accordingly, we affirm the holding of the Court of Criminal Appeals that the conviction under T.C.A., § 39–4914, cannot stand. As we did in *Hudson, supra,* we correct this error by directing the trial court upon remand to revise the judgment by deleting the separate conviction for using a firearm in commission of a felony, T.C.A., § 39–4914, and revising the judgment for assault with intent to commit murder in the second degree by specifying that the assault was "committed by means of using a firearm, to wit: a pistol," and by providing that the punishment for that offense shall consist of the two sentences fixed by the jury for the assault and the use of a firearm in committing a felony convictions, those two sentences to run consecutively. It is so ordered.

Costs incurred in this Court are taxed equally against the State and the defendant.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.