**STATE of Tennessee, Appellee,**

v.

**Mark Terry LEE, Appellant.**

Court of Criminal Appeals of Tennessee.

Jan. 22, 1982.

Permission to Appeal Denied by
Supreme Court April 5, 1982.

Don Caulkins, Berry & Berry, Donald P. Harris, Franklin, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, J. Andrew Hoyal, II, Asst. State Atty. Gen., Nashville, Elmer Davies, Dist. Atty. Gen., William Carter Conway, Sp. Prosecutor, Franklin, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of first degree murder by the use of a firearm and was sentenced to serve life imprisonment with an additional five (5) year sentence for the use of a firearm in the commission of a felony. The sentences are to be served consecutively.

The defendant says the evidence preponderates against the verdict, says the state failed to comply with the defendant's discovery request, says the state erroneously referred to his statement as a confession when addressing the jury, says the state interjected race into the trial of the case, says the felony-firearm statute was unconstitutionally applied in the case, and says the state should not have been allowed to show the general reputation of the deceased for peace and quietude because he had not offered evidence to the contrary.

The judgment is affirmed.

On the evening of May 2, 1980, the defendant and the deceased had a confrontation during which the deceased stabbed the defendant, apparently with a nail file. This altercation was terminated and the two parted.

The defendant went to the hospital for treatment of the injury, which appears to have been insignificant.

The police were notified by the hospital of the stab injury, and they went to the hospital to investigate. Two officers testified the defendant, after being asked if he wished to make a complaint, told them, "he [the defendant] would take care of it."

After leaving the hospital, the defendant went to an area where the Big Wheel Club was located. The defendant testified he sat in a vehicle in a parking lot for about an hour and decided to enter the club. As he did so, the deceased appeared and the defendant shot him.

The defendant claimed the deceased advanced toward him in a threatening manner and put his hand in his pocket. The defendant says he shot the deceased because he was afraid he would be stabbed again.

The physical evidence offered by the state shows the bullet entered the deceased's body at an angle from the left side thus refuting the defendant's claim the deceased was advancing toward him. Further, the state introduced evidence which indicated the deceased was located behind a column on a porch of a building near the club when he was shot, rather than being shot on the sidewalk as the defendant testified.

The evidence supports the verdict of the jury beyond a reasonable doubt. The evidence of the state showed the defendant made a statement he "would take care of it himself," showed the defendant sat in a vehicle for some time near the scene of the shooting from which the jury could infer he lay in wait for the deceased, and showed the bullet entered the body from an angle indicating the defendant fired the shot from the side rather than in front of the deceased.

The defendant's contrary evidence created a question for the jury to resolve. They have resolved the issues in favor of the state, and the evidence supports their findings.

The defendant claims he did not know of certain photographs made of the area of the shooting until the trial was in progress, says he did not know of x-rays made of the body until the trial was in progress, says he did not know a fifteen page transcript of the oral statement was available until trial was

in progress, says he was not shown the weapon until the day before trial, and says he did not receive a copy of a one page statement until the day before trial.

The record in this case is contrary to most of these assertions.

In a preliminary hearing in which the defendant's trial attorney participated, a witness testified about x-rays which were made of the body, testified about photographs which were made, testified about a one page statement originally made by the defendant, testified about a subsequent statement made by the defendant, and testified about a ballistics report which identified the murder weapon.

The record shows the defendant was given a copy of the one page statement at the preliminary hearing. In the preliminary hearing the police officer testified he had taken a taped statement, which had been transcribed, from the defendant and the transcription of the tape was on file in the police department. The officer testified the statement reiterated the defendant's claim of self-defense and went into more detail about the shooting. The record shows the defendant was given a copy of the longer statement the day before trial.

In the course of the preliminary hearing, defendant's counsel asked the officer to show him the pictures of the deceased. It is clear these photographs were in a file with other photographs. The officer said in response to the request to see the photographs of the body, "This is—I think it's the only two I have of Mr. Burns [the deceased], the rest are the crime stuff."

Also, in the preliminary hearing a ballistics report was introduced, which identified the weapon from which the fatal bullet was fired. The defendant has never claimed the gun was not the weapon used in the shooting.

The defendant was not denied discovery in this case.

■ We are of the opinion the prosecution erroneously referred to the defendant's statement as a confession.

To qualify as a confession, a statement of an accused must admit all of the elements necessary to constitute the crime with which he is charged. The statement in this case does not do this. The defendant stated he shot the deceased because he feared the deceased was going to attack him. This statement is a claim of justifiable homicide and not a confession. However, we are satisfied this was harmless beyond a reasonable doubt.

When the defendant objected to this remark, the attorney acting as a special prosecutor said, "It is up to the jury to determine whether it was or it wasn't [a confession]." Further, the trial court in his final charge did not instruct the jury on a confession.

Under the facts in this case, we see no prejudice to the defendant from these remarks. *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr.App.1976).

■ We do not think the argument of the district attorney general amounted to a prejudicial interjection of race into this case. The defendant's attorney in arguing to the jury attacked the testimony of a state's witness by saying "[H]ow much [do] you think Mr. Rich Buerger knows about life on Natchez Street." It is clear from the record Natchez Street is an area of Franklin populated by black people. We think the statement of the district attorney general was in response to this remark by defendant's counsel. The state's argument was to the effect a killing of one black person by another did not create a standard for determining criminal liability different from the standard for determining criminal liability of others for similar acts. In *Sparks v. State*, 563 S.W.2d 564 (Tenn.Cr.App.1978), upon which the defendant relies, the argument which interjected race into the case was unrelated to any evidence or other matters shown in the trial of the case.

"A reference to the race, nationality, or religion of the defendant, or of a witness in his behalf, which would otherwise be objectionable, may be justified or excusable on the grounds that it was provoked or invited by counsel for the defendant," 75 Am. Jur.2d *Trials* § 283 (1974).

We think the comments of the state fall within this rule. Furthermore, we do not find these remarks were inflammatory or prejudicial.

■ The application of ·T.C.A. § 39–4914 to this case is not unconstitutional. The offense of using a firearm to commit a felony is not a lesser included offense of murder in the first degree.

■ Murder in the· first degree may be committed without the employment of a firearm. In cases where the felony charged does not require an enhancement of the punishment when committed by the use of a firearm, T.C.A. § 39–4914 may be applied. *State v. Hudson*, 562 S.W.2d 416 (Tenn. 1978). There is no provision in law for enhancement of the punishment for murder in the first degree. Therefore, T.C.A. § 39–4914 was properly applied to this case.

■ The defendant claims the state was erroneously allowed to show the reputation of the deceased for peaceableness because he did not show to the contrary. In a case of homicide when the defendant claims self-defense, the state may introduce evidence of the general reputation of the deceased for peace and quietude whether the defendant has attempted to show his reputation for violence or not. *Ferguson v. State*, 136 Tenn. 106, 196 S.W. 140 (1917).

DUNCAN and SCOTT, JJ., concur.