STATE of Tennessee, Appellee,

v.

William R. GRIFFITH, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 20, 1982.

Permission to Appeal Denied by Supreme Court March 14, 1983.

Howard B. Barnwell, Jr., Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Stephen Bevil, Peter Strianse, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

OPINION

DUNCAN, Judge.

The defendant, William Griffith, was convicted of assault with intent to commit voluntary manslaughter, possession with intent to sell benzphetamine, a Schedule III controlled substance, and possession with intent to sell marihuana, a Schedule VI controlled substance, receiving penitentiary sentences of not less than one (1) nor more than three (3) years, not less than three (3) years nor more than five (5) years, and not less than two (2) years nor more than five (5) years, respectively. Each drug conviction sentence was enhanced by a consecutive sentence of five (5) years for the use of a firearm in the commission of each of those offenses.

On appeal the defendant raises a search and seizure question, complains about the overruling of a motion for a continuance, and asserts that the trial judge should have instructed the jury on the defense of habitation. We find, for the reasons discussed hereafter, that all of these issues have been waived, but that the judgment must be modified.

The defendant does not challenge the sufficiency of the evidence, which we will only briefly summarize. The State's evidence showed that on February 9, 1981, officers of the Hamilton County Sheriff's Department were responding to a burglary-in-progress call at the Spanish Villa Apartments on Highway 58, when they were shot at by the defendant. The defendant was inside his girlfriend's apartment when the shootings occurred, and he claimed that he thought the police officers were burglars. The officers arrested the defendant, and while searching the apartment for other possible suspects, they discovered the contraband drugs. Other evidence linked the defendant to these drugs.

■ The defendant challenges the legality of the search of the apartment and the seizure of the drugs. The defendant made a pretrial motion to suppress the evidence, and there is an order in the record that shows his motion was overruled by the trial court. However, the defendant has failed to include a transcript of the hearing on the motion to suppress, as is his responsibility. *T.R.A.P.* 24(b). Thus, in the absence of the evidence on this question and the reasons for the trial court's overruling of the motion, we cannot review the merits of this issue. Appellate courts cannot consider matters that are not in the record. *Fonte v. State,* 213 Tenn. 204, 373 S.W.2d 445 (1963); *Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105 (1962); *Underwood v. State,* 604 S.W.2d 875 (Tenn.Cr.App.1979).

■ In passing, we would add that the facts that were developed at the trial of the case showed that the apartment in question was not the defendant's apartment, and he did not live there. Thus, he would lack standing to contest the search and seizure.

*Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Further, the facts at trial showed that the police had a legal right to search the premises concerned and to seize the drugs found therein.

■ The defendant also complains about the refusal of the trial court to grant his motion for a continuance; however, this issue is also waived. There is no such motion in the record, nor any order overruling the motion, nor is the motion discussed anywhere in the transcript. The motion for a new trial cites this issue as a ground for a new trial, but this is merely a pleading and not evidence. *Mitchell v. State,* 3 Tenn.Cr. App. 494, 464 S.W.2d 307 (1971). We simply have nothing before us to review, and therefore we cannot consider this issue.

■ Another complaint by the defendant is that the trial court should have instructed the jury on the law regarding the defense of habitation. This issue was not raised in the motion for a new trial, and is therefore waived. *T.R.A.P.* 3(e); *State v. Branam,* 604 S.W.2d 892 (Tenn.Cr.App.1980). Further, even if the complaint had been in the motion for a new trial, we still could not review it because the trial court's jury instructions are not included in the record. *Hester v. State,* 562 S.W.2d 214 (Tenn.Cr. App.1977).

Finally, we point out that plain error exists on the face of the record in connection with the trial court's imposition of the two (2) consecutive five (5) year sentences for use of a firearm in the commission of the drug offenses.

■ Under the facts of this case, it is difficult to see how the defendant could be said to have employed a firearm while committing the felonies of possession with intent to sell drugs. Obviously, he employed a firearm in the commission of the assault with intent to commit voluntary manslaughter offense, but for some reason the trial judge only allowed the jury to consider the enhancement provisions of T.C.A. § 39–4914 in connection with the drug indictments. Nevertheless, regardless of what may be said about the lack of evidence to authorize the enhancement of the defendant's drug conviction sentences, we must take cognizance of a more serious problem with these enhanced sentences. That is, the indictments against the defendant for possession with intent to sell drugs contain no allegations regarding the use of a firearm in commission of those offenses.

In *State v. Hudson,* 562 S.W.2d 416 (Tenn.1978), the Tennessee Supreme Court held that T.C.A. § 39–4914 (Supp.1977), did not create a new offense, but, instead amended by implication other applicable felony statutes by adding a proviso to each such applicable statute that if such felony is committed by means of using a firearm, the offender shall, in addition to the punishment regularly prescribed for such felony, be further punished as set out in this statute. The *Hudson* court said that "[t]he *form of the indictment,* the verdict, and judgment should have been in compliance" with their construction of T.C.A. § 39–4914. *State v. Hudson,* supra, at 419. (emphasis added).

Therefore, since the defendant had no notice in the indictments that he was being charged with employing a firearm while committing the drug felonies, then the enhanced sentences imposed are void, and in order to see that justice is done and to prevent prejudice to the judicial process, we must notice and correct this plain error. *T.R.A.P.* 13(b); *Tenn.R.Crim.P.* 52(b); *State v. Maynard,* 629 S.W.2d 911 (Tenn.Cr. App.1981). Accordingly, we modify the trial court's judgments by deleting and vacating the consecutive five (5) year sentences that were imposed for employing a firearm while committing the two (2) drug offenses.

As modified, the judgments of the trial court are affirmed.

DAUGHTREY, J., and RICHARD R. FORD, Special Judge, concur.