STATE of Tennessee, Appellee,

v.

John Curtis ROSS, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

July 23, 1986.

Permission to Appeal Denied by
Supreme Court Nov. 3, 1986.

On Petition for Rehearing Aug. 27, 1987.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, for appellee.

Franklin Murchison (at trial), Linda L. Moore (appeal), Jackson, for appellant.

## OPINION

WALKER, Presiding Judge.

The defendant, John Curtis Ross, was indicted in two counts by the Madison County grand jury for assault with the intent to commit murder in the first degree and for employing a firearm while committing a felony. He was convicted of assault with the intent to commit voluntary manslaughter of Wayne Baxter and of use of a firearm in the commission of a felony. He was sentenced to consecutive terms of one and five years in the Madison County Workhouse.

■ Evidence at trial showed that Wayne Baxter went to the home of his brother-in-law, Joe Carroll, in Madison County at about 9:30 p.m. on December 21, 1984. About 15 minutes later, the defendant, John Curtis Ross, along with his brother (Michael Ross) and Dale George arrived and visited for about 15 minutes. They left after Baxter said that he did not want to go hunting that night. Baxter heard Carroll's dog yelp outside as if it were getting hurt, and then the Ross truck pulled away. Baxter could not find the dog. Dale George later testified that they had taken it.

Baxter and Carroll then proceeded to the Ross house on Beech Bluff Road where Baxter and John Ross fought over the dog. Baxter claimed that Ross started it and Ross claimed that Baxter did. Michael Ross intervened and hit Baxter with a pair of karate sticks, called "numchukks", in an effort to get Baxter off his brother. John Ross was left with a bleeding head. Before Baxter and Carroll left, Dale George offered them the dog back. Baxter re-

fused and said he was going to get the sheriff. According to Michael Ross, Baxter said: "Y'all just wait. We'll be back."

John Ross then went to Dale George's house and got his .22 rifle. George testified that he offered John Ross a ride, but Ross replied that he did not need anything from George; that he would "take care of the problem himself." Ross then left George's house with the rifle.

John Ross testified that the thought of Baxter and Carroll's return scared him, because he thought they were going to come back and kill him. In an effort to scare them, over an hour after Baxter left, John and Michael Ross drove by the Carroll house, and John shot at the truck in the yard four times with his .22 rifle. They then drove back by and Michael fired six or eight shots at the house and the car.

According to Wayne Baxter, he and his brother-in-law were on the lighted front porch when the first wave of six to eight shots were fired. Carroll pulled Baxter to the ground, but Baxter got hit in the back. The two then went into the house and a second wave of eight shots came through the house. John Ross testified that he never intended to shoot anyone. His brother Michael added that John said that it looked like somebody might be standing on the porch, but he hoped that there was not.

The foregoing evidence was more than sufficient to justify a rational trier of fact in finding guilt beyond a reasonable doubt under T.R.A.P. 13(c) and *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant cannot complain about a lack of sudden heat when, as here, he could have been convicted of a higher charge.

■ Both parties complain that the trial court did not consider probation for the use of a firearm conviction as required by *State v. Bottenfield*, 692 S.W.2d 447 (Tenn. Cr.App.1985). However, there is no evidence here that the trial judge misapplied the law and failed to consider probation— only evidence that both parties below incorrectly argued the law. On our de novo review of the sentence, we agree that probation was not justified and that the sentence of six years is appropriate.

■ We note that the defendant was convicted and sentenced for a separate offense of using a firearm in the commission of a felony (T.C.A. § 39–6–1710(a)), contrary to the rule of *State v. Hudson*, 562 S.W.2d 416 (Tenn.1978). In *Hudson*, our supreme court held that the purpose of this statute was to provide for additional punishment for one who uses a firearm in the commission of a felony, and that it did not create a separate offense. See also *State v. Chambers*, 567 S.W.2d 461 (Tenn.1978).

Therefore, we correct and modify the trial court's judgments to show one conviction and specify that the defendant's sentence for assault with intent to commit voluntary manslaughter by use of a firearm is fixed at one year in the penitentiary, plus five years' enhancement for the use of a firearm in committing this felony, this five-year enhanced punishment to be served consecutive to the one-year sentence.

As modified, this judgment is affirmed.

DUNCAN and BYERS, JJ., concur.

## OPINION ON PETITION FOR REHEARING

In his petition for a rehearing, the defendant insists that the court should grant a rehearing and remand the case to the trial court for a new sentencing hearing. He says that the case is not here in the posture of an abuse of discretion by the trial court on the matter of probation.

In our opinion we said that there is no evidence that the trial judge misapplied the law and failed to consider probation.

Under T.C.A. 40–35–402(d), when reviewing sentencing issues, including the granting or denial of probation and length of sentence, this court conducts a de novo review on the record of such issues. This review is conducted without a presumption that the determination of the trial court is correct. We conducted this de novo review and agreed that probation was not justified

and that the six-year sentence is appropriate. This issue is meritless.

The petitioner, however, calls to our attention that the trial court ordered the sentence served in the Madison County Workhouse. He also calls to our attention that, in our modification, we directed that the sentence be served in the state penitentiary. Under T.C.A. 40–35–311(a), the trial judge may designate the place of confinement of a sentence of six years or less, in a local jail or workhouse.

We grant the petition for a rehearing to the extent of designating the place of the defendant's confinement as the Madison County Workhouse, as originally imposed. The petition is otherwise denied.